# CHARLESTON.

## ARGABRIGHT v. JONES.

Submitted January 23, 1899—Decided April 1, 1899.

1. LIBEL—*Innuendo—Certainty*.

   In an action for libel, the defamatory words must refer to some ascertained or ascertainable person, and that person, must be the plaintiff. If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory. An innuendo cannot make the person certain who was uncertain before. (p. 146).

2. INNUENDO.

   As an innuendo is merely explanatory, it is not capable of proof. (p. 147).

3. LIBEL—*Innuendo—Evidence*.

   An innuendo may serve for an explanation to point a meaning where there is precedent matter expressed or necessarily understood or known, but never to establish a new charge. (p. 147).

Error to Circuit Court, Mercer County.

Action by A. B. Argabright against H. C. Jones. Judgment for plaintiff. Defendant brings error.

*Reversed.*

JOHNSTON & HALE, for plaintiff in error.

R. C. McCLAUGHERTY, J. M. ANDERSON and G. J. HOLBROOK, for defendant in error.

ENGLISH, JUDGE:

A. B. Argabright on the 4th of February, 1897, brought an action of trespass on the case, for libel, in the circuit court of Mercer County, against H. C. Jones. The declaration was filed at April rules., containing six counts. The defendant demurred to the declaration, and to each count

thereof. The plaintiff joined. The demurrer was overruled as to the first, fourth, and fifth counts, and the plaintiff submitted to the second, third, and sixth counts of his declaration. The defendant pleaded not guilty, and issue was joined thereon. The defendant then moved for a continuance of the case, which motion was overruled. The cause was then submitted to a jury, which resulted in a verdict against the defendant for one thousand dollars. A motion was made to set the verdict aside, which motion was overruled by the court, and judgment was rendered upon the verdict. Thereupon the defendant obtained this writ of error.

The article published by defendant in the Bluefield Telegraph, upon which the plaintiff's claim for damages is predicated, reads as follows: "It has been represented to the shop and railroad men that I had attached the wages of A. B. Argabright, at Graham, and that his wages were held on that account, and, further, that the debt was unjust and on these false representations, money has been raised among the shopmen to help Argabright to carry on his lawsuits and support his family. It is all untrue, and a false representation, from beginning to end. The only litigation I have had with A. B. Argabright is that I obtained a judgment before J. M. Anderson, when he was justice of the peace, against Argabright, for about $26, which he had been owing a good while for house rent. At that time there was $10 medical account, on which I did not sue. About three months ago I had a suggestion issued on the judgment, and served on the railway company. He paid that off by schedule so that it has ended our litigation, so far. Neither I nor any one else has ever attached him on my judgment in Virginia. It is a violation of law to obtain goods under false pretense, and those who have been gulled by misrepresentations would do well to investigate the above case. Respectfully, H. C. Jones."

The first error assigned and relied upon by the defendant is the action of the court in overruling defendant's demurrer to the first, fourth, and fifth counts of the declaration. Was this assignment well taken? It seems to me that the vice found in each one of these counts consists in the fact that the pleader misconstrued and misinter-

preted the language used in the article upon which the suit is predicated. In the first place, the publication lacks certainty as to the person alleged to have been defamed. It begins, "It has been represented to the shop and railroad men" suggesting by way of innuendo, "meaning the plaintiff had represented." But is this innuendo warranted by any portion of the article? It does not say who, or how many, had made the representations which follow. On this point we find the law thus stated in 13 Am. & Eng. Enc. Law, 391: "The defamatory words must refer to some ascertained or ascertainable person, and that person must be the plaintiff. If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory. An innuendo cannot make the person certain which was uncertain before." So, in *Sanderson* v. *Caldwell*, 45 N. Y. 398, it was held that: "In libel or slander the plaintiff cannot, by innuendoes, extend the meaning of the words beyond what is justified by the words themselves, and the extrinsic facts with which they are connected." Again, in Odgers, Lib. & Sland. 126, the law is stated thus: "The defamatory words must refer to some ascertained or ascertainable person, and that person must be the plaintiff. If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory." Now, it cannot be said the words above quoted, by any fair construction, were published of and concerning the plaintiff. The words "it has been represented" do not name any person as having made the representation. It is true, the article proceeds to state that "on these false representations money has been raised among the shop men to help Argabright to carry on his lawsuits, etc.," but he does not say who made these false representations. When we come to the concluding words, "It is a violation of the law to obtain goods under false pretense, and those who have been gulled by misrepresentation would do well to investigate the above case," we find them, taken in connection with the rest of the publication construed and averred in the first count, to mean that the defendant charged that plaintiff did and had obtained goods under false pretense; and in the fourth count it is

averred to mean that the plaintiff had obtained money from his co-employes, the shop and railroad men of the Norfolk & Western Railroad Company, by falsely and fraudulently representing to them that said defendant was oppressing him by suing out a foreign attachment against his wages, and that, too, on an unjust demand, and, in so doing, accusing said plaintiff of "obtaining goods under false pretense," and those who had been gulled "would do well to investigate the above case," etc. And in the fifth count the same construction is placed on this clause of the article. Now, in regard to innuendo, we find the law thus stated under "Libel and Slander." 13 Enc. Pl. & Prac. 51: "An innuendo cannot introduce new matter, nor enlarge, extend, nor change the natural sense or meaning of the alleged defamatory words." See also, *Moseley* v. *Moss*, 6, Grat. 534, where it is held that: "If plaintiff does not declare under the statute, his declaration must set out a common-law slander; and, if the words charged do not amount to slander, they cannot be helped by the innuendo." On same page, 13 Enc. Pl. & Prac., above cited, we find: "If the words charged are in themselves innocent of any defamatory meaning without prefatory allegations or explanatory facts, they cannot be rendered actionable by innuendo. Words that are not actionable *ex vi termini* cannot be made so by an innuendo but must be aided by a proper averment and colloquium which will warrant the explanatory meaning given them by the innuendo.." Page 54, *Id.*, the same author says: "As an innuendo is merely explanatory of that which is already expressed, it is not capable of proof." Looking, then, at the article as it appeared, we cannot say its language was aimed at the plaintiff; nor can we say that it warrants the construction sought to be placed upon it by the innuendoes. It was held in the case of *State* v. *Aler*, 39 W. Va. 549, (20 S. E. 585), that "an innuendo may serve for an explanation to point a meaning, where there is precedent matter expressed, or necessarily understood or known, but never to establish a new charge.'"

In view of the authorities above cited, my conclusion is that the court erred in overruling the demurrer of the defendant as to the first, fourth, and fifth counts of plain-

tiff's declaration. The judgment complained of is reversed, the demurrrer is sustained as to said first, fourth, and fifth counts, the verdict is set aside, and the cause remanded.

*Reversed.*