WOFFORD v. PRESS PUB. CO.

(Circuit Court of Appeals, Second Circuit. February 11, 1914.)

No. 137.

LIBEL AND SLANDER (§ 86*)—INNUENDO—COMPLAINT.

> Defendant newspaper, after the failure of a trust company, printed several articles stating that C., a stockholder and director, had illegally permitted his personal friends and business associates to borrow large sums of money on insufficient security or on no security, in fraud of the rights of creditors and stockholders, and in violation of the laws of the state. Thereafter an article was published stating that efforts were being made to pay the depositors in full, and charged that the notes, representing money loaned to C. and his friends, would yield more than was expected, after which followed a list of the makers of bills or notes due to the trust company under a heading that they contained "the names of some friends of City Chamberlain H.," who was also accused of the same offenses as C. In the list appeared plaintiff's name, followed by the figures $10,000. *Held*, that such publication was insufficient to sustain an innuendo that it was intended to mean that plaintiff, through friendship or a common interest with C. or H., had obtained $10,000 with the trust company with a dishonest purpose not to repay it, and that the publication was therefore not libelous.
>
> [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 205–208; Dec. Dig. § 86.*]

In Error to the District Court of the United States for the Southern District of New York.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

211 F.—61

This cause comes here upon appeal by plaintiff in error, who was plaintiff below, from a judgment of the District Court, Southern District of New York, dismissing the complaint. The action is for libel, and the complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action.

H. Cabell, of New York City, for plaintiff.

Taylor, Jackson & Brophy, of New York City (C. B. Brophy, of New York City, of counsel), for defendant.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The complaint sets forth that one Cummins was a stockholder and director of the Carnegie Trust Company, which was taken possession of in January, 1911, by the Banking Department of the state of New York to be liquidated for the benefit of its creditors and that Charles H. Hyde was chamberlain of the city of New York. That shortly after the action of the Banking Department there appeared, from day to day, numerous editorials and articles in the columns of defendant's newspaper, wherein and whereby the said Cummins and the said Hyde were, both openly and by implication, accused of various illegal and criminal acts in connection with the affairs of the Carnegie Trust Company; that among other things and more especially they were accused of borrowing and permitting their business associates and personal friends to borrow large sums of money from said trust company, upon insufficient security or upon no security at all, in fraud of the rights of the creditors and stockholders of said Carnegie Trust Company, and in violation of the laws of the state of New York. That in March, 1911, the defendant published in the columns of its newspaper an article headed "Plan on foot to pay depositors of Carnegie Trust Company in full," and that said article contained the following language:

"The men who have thus come to the aid of the trust company have taken into consideration the long list of bills purchased, which really are promissory notes, upon which the company lent money to Cummins and the latter's friends. They hold, however, that the notes will yield much more than was expected, now that the public knows about them, but even if they do not, they say they form only a comparatively small portion of the real assets.

"In the following partial list of the makers of bills or notes the names of some friends of the City Chamberlain Hyde may be recognized."

That a list of names and amounts is thereafter given as and for said "partial list," among which appears the name "Charles P. Wiffard," followed by figures $10,000.

By innuendo the complaint then alleges:

"That by the language above quoted the defendant meant and intended to mean, and was understood by the general public as meaning, that the moneys obtained by the persons named in said list were obtained by them through their friendship with or business connection or identity with the said Cummins or the said Hyde, with the dishonest purpose on the part of the persons so obtaining said loans of never repaying the same. That the spelling of the name of plaintiff was a mistake in the printing of the list; but it was the intention of defendant to insert therein the plaintiff's name, and the name 'Charles P. Woffard' on such list was intended for the plaintiff and was so understood by the general public. That by the insertion of this plaintiff's name

in said list the defendant meant and intended to mean, and was understood by the general public to mean, that plaintiff, through the friendship of or common interest with the said Cummins or said Hyde, or both, had obtained a loan of money from the Carnegie Trust Company with the dishonest purpose of never repaying it; and that by the figures $10,000 being set out in said list opposite said name was meant, intended to mean, and was understood by the general public to mean, that this plaintiff then owed to the Carnegie Trust Company the sum of $10,000 upon a loan obtained with the dishonest purpose aforesaid."

The complaint further states that *subsequent to the publication* complained of Cummins and Hyde were indicted; Cummins was convicted. What bearing these facts are supposed to have upon the prior publication it is difficult to understand.

A majority of the court think it putting too much strain on the theory of "innuendo" to justify the conclusion that the article complained of is a libel on the plaintiff. Even if it were conceded that the prior publications of the newspaper might lead a reader to suppose that every friend of the chamberlain, who borrowed money from the trust company without security, did so "with the dishonest purpose * * * of never repaying the same," and such concession would seem to put an excessive strain on "innuendo," the only statement in this issue is that in the published list the names of *some* friends of the chamberlain may be recognized. It is not stated that all the names on the list are "friends"; on the contrary, the phraseology would seem to indicate that some of them are not. No fact and no statement of defendant which is set forth in the complaint would, as it seems to us, warrant a jury in finding that the defendant has asserted, directly or indirectly, that the plaintiff borrowed money from the trust company with the fraudulent and dishonest intention of not repaying the loan.

The judgment is affirmed.