ENOCH M. PARKER *v.* APPALACHIAN ELECTRIC POWER Co. *et al.*

(CC 681)

Submitted February 15, 1944. Decided March 24, 1944.

*Salisbury, Hackney & Lopinsky,* for plaintiff.

*Campbell, McClintic & James* and *Charles C. Wise,* for defendants.

RILEY, JUDGE:

The plaintiff, Enoch M. Parker, instituted in the Court of Common Pleas of Kanawha County, this action of trespass on the case for libel against Appalachian Electric Power Company and W. F. Ficklen. The common pleas court overruled defendants' demurrer, and upon the joint motion of the parties certified to the circuit court its rulings on the demurrer which, in turn, sustained the common pleas court, and certified the case to this Court.

As a premise to charging the gravamen of the matters complained of, the declaration alleges in detail that plaintiff is "a good, true, honest, upright, and worthy citizen of Kanawha County" who "until the committing of the several grievances and injuries, as hereinafter mentioned" bore a good reputation among his neighbors, acquaintances and other good and worthy citizens, to whom he was in any wise known" and "hath never been suspected to have been guilty of the offenses and misconduct, here-

inafter mentioned, to have been charged upon and imputed to him" by the defendants, or any other offense or misconduct.

Plaintiff then alleges that he was injured while in the employ of defendant corporation, for which he had worked for many years; that for a long time prior to the grievances complained of, the defendant, W. F. Ficklen, was employed as the corporate defendant's division manager, in charge of the supervision and general management of the corporation; that because of disability resulting from his injuries, plaintiff applied to the Division of Vocational Rehabilitation of the Department of Education of the State of West Virginia, for assistance in securing light work; and, on June 17, 1942, Marvin R. Barker of said Rehabilitation Division wrote Ficklen the following letter:

"Dear Mr. Ficklen:   Re:   E. M. Parker
                      Chelyan, West Va.

This Division has recently become interested in the case of the above mentioned person. Mr. Parker was injured at your Cabin Creek Plant, March 18, 1938. He was awarded a 35% disability by the Compensation Commission. This award will expire January 2, 1943.

Mr. Parker informed me that he had worked for your company 29 years prior to the date of his injury. The last fifteen years were spent as an operating engineer. In view of this client's past excellent record and his physical handicap, it occurred to me that you might be interested in making some type of a job adjustment for him. I believe that he would be able to work as a sub-station operator, watchman, or P. B. X. operator. May I have a reply to this request.

Very truly yours,
Marvin R. Barker, Field Agent,
Vocational Rehabilitation."

The declaration further alleges that defendant corporation, acting by and through Ficklen, its duly authorized

agent, committed the grievances complained of; that defendants well knowing the premises, but envying plaintiff's condition and "contriving and maliciously intending to injure him in his said good name and morals and bring him into public scandal, infamy and disgrace with and amongst all his neighbors, acquaintances, and other good and worthy citizens of said county and state, and to cause it to be suspected and believed by those neighbors, acquaintances, and citizens that the said plaintiff had been and was guilty of the offenses and misconduct hereinafter mentioned, to have been charged upon and imputed to him by the said defendants, and to vex, harass and oppress him, the said defendants, on the 25th day of June, 1942 * * * falsely, wickedly and maliciously did compose and publish of and concerning" plaintiff, a certain letter addressed to Marvin R. Barker, Field Agent of the Division of Vocational Rehabilitation, in response to the letter written to Ficklen by said Barker, on June 17, 1942, in which letter Ficklen and defendant corporation, acting by and through Ficklen, its duly authorized agent, "falsely and maliciously" wrote concerning plaintiff, as follows:

"Dear Mr. Barker:

I have your letter of June 17, 1942, concerning Mr. E. M. Parker, who formerly worked for this company at Cabin Creek, West Virginia, asking our attitude towards giving this man work that he is capable of doing.

You state that Mr. Parker informed you that he worked for this company for twenty-nine years prior to the date of his injury. However, our payroll records show that he was employed on March 28, 1923, and that he was injured on March 18, 1938, which does not indicate that Mr. Parker worked for this Company twenty-nine years.

He was taken care of by this company for thirteen months at full pay and, for two and one-half months at $75.00 a month. He was

then given an opportunity to take light work, but he was more interested in collecting total disability insurance which this company provided than he was in working. He brought suit against the insurance company, made an affidavit that he was totally disabled, got some doctors who were willing to cooperate with him in proving this claim, and the insurance company made a settlement with him.

This company feels a responsibility for the men who work for it, and inasmuch as Mr. Parker has no backlog left and cannot obtain any of the insurance which we provide to take care of men who become a liability to the company in the future, and in our opinion was not entitled to collect total disability insurance, we do not feel like assuming liability for him again. Our contract with the labor representatives of our employees requires us to pay any incapacitated employee for a period of three months in any calendar year. We paid this several times to Mr. Parker, and do not feel justified in taking him back under the conditions described above. Our record will show that we make every effort to provide work for incapacitated employees who are interested in working at such work as they can do. We consider that Mr. Parker's actions have severed his relations with this company.

Very truly yours,
W. F. Ficklen, Division Manager."

The declaration further alleges that plaintiff was not given any opportunity to take light work with defendant corporation; that defendants meant and intended by the Ficklen letter that plaintiff had "corruptly and unlawfully obtained money under false pretences from the insurance company by conspiring with doctors to establish a claim for total disability, and falsely and wickedly meant and intended that this plaintiff would not work at any type of work that he could do, and falsely and wickedly intended to mean that this plaintiff was not interested in working at such work as he could do", and also falsely

meant and intended that plaintiff is without moral character or standing, but plaintiff's moral character is such as to make him unfit to associate with the moral and decent people of the community wherein he resides; and that said words of libel written by the defendants, from their usual construction and acceptation, are construed as insults and tend to violence and breach of the peace.

The demurrer asserts three grounds, which generally stated, are: (1) The Ficklen letter is a privileged communication; (2) that said letter does not contain any words or inferences from whose usual construction and common acceptation are construed as insults and tend to violence and breach of the peace, and, therefore, Code, 55-7-2, is inapplicable, but on the contrary the words contained therein from their usual construction and acceptation "were reasonable, proper and justified under the circumstances" and constitute no malice; and (3) the declaration states no cause of action.

The common pleas court, in overruling the demurrer, held, as shown by its written opinion filed in the record, that the Ficklen letter was written on a conditionally privileged occasion but whether or not the occasion was exceeded was a question for the jury and beyond the province of the court for decision. Upon certification the circuit court sustained this ruling but certified the case here for the reason, as indicated by the court's opinion contained in a letter to counsel filed of record, that the court regarded the decision of this Court in the recent case of *Swearingen* v. *The Parkersburg Sentinel Company,* 125 W. Va. 731, 26 S. E. 2d 209, in conflict with other West Virginia cases involving the law of libel and slander, in so far as it held that the question whether a qualified privilege has been exceeded is one of law for the court.

With the two classes of privileged communications, recognized in the law of libel and slander, absolute and qualified, we are concerned with the last only. It is not contended by counsel here, and rightly so, that the

occasion upon which the Ficklen letter was written was absolutely privileged. With a few exceptions not necessary to mention, absolutely privileged communications are limited to legislative, judicial and quasi-judicial proceedings and other acts of the State. 33 Am. Jur., Subject, Libel and Slander, Section 125, Note 16; *Higgins* v. *Williams-Pocahontas Coal Co.*, 103 W. Va. 504, 138 S. E. 112; *Ward* v. *Ward*, 47 W. Va. 766, 35 S. E. 873. As field agent of the Division of Vocational Rehabilitation, Barker was an employee of the State Board of Education, and neither he nor the division which he represented was authorized to perform any legislative, judicial or quasi-judicial functions.

So we are initially confronted with the question whether the Ficklen letter was conditionally privileged. This in turn depends upon the occasion upon which it was written. "A privileged communication or statement, in the law of libel and slander, is one which, except for the occasion on which or the circumstances under which it is made, would be defamatory and actionable." 33 Am. Jur., Section 124. "An occasion is conditionally privileged when the circumstances induce a correct or reasonable belief that (a) facts exist which affect a sufficiently important interest of the publisher and (b) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest." Restatement of the Law of Torts, Section 594. See also Section 595 of the Restatement.

Whether a conditionally privileged occasion was exceeded is a question of law for the court or fact for the jury, and depends upon the absence or existence of a controversy as to facts bearing thereon. Pt. 2, syl., *Stewart* v. *Riley*, 114 W. Va. 578, 172 S. E. 791, 98 A. L. R. 1302. "The existence or non-existence of a qualifiedly privileged occasion and whether the occasion has been exceeded, *in the absence of a controversy as to facts,* are questions of law for the court." (Italics supplied.) *Swearingen* v. *The Parkersburg Sentinel Company, supra,* point 3 syl.

The statement contained in the body of the Swearingen opinion: " * * * whether defendant abused or exceeded the privilege of the occasion is likewise a question of law to be determined by the court. *Stewart* v. *Riley, supra* * * *", should be read in connection with the third syllabus point. Consonant with the holding of this Court in point 3 of the *Swearingen* case is Section 619 of the Restatement of the Law of Torts, which reads: "(1) The court determines whether the occasion upon which the defendant published the defamatory matter was privileged. (2) *Subject to the control of the court whenever the issue arises,* the jury determines whether the defendant did or did not abuse a conditionally privileged occasion." (Italics supplied.) We do not agree with the learned circuit court that the *Swearingen* case on this point is in conflict with the last-mentioned quotation from the Restatement of the Law.

The declaration clearly alleges the circumstances in which the Ficklen letter was written. It is alleged that is was in response to a request and inquiry of the Rehabilitation Division. In the main the letter reiterates certain of plaintiff's statements to Barker which Ficklen evidently thought were untrue, and states the reasons which prompted defendants not to reemploy plaintiff. In this regard the statements contained in the letter are responsive and pertinent. The letter concerns an important interest of both the publisher and recipient, and Barker was the person to whom the letter should have been written "within the generally accepted standards of decent conduct". Restatement of the Law of Torts, Defamation, Section 595. The declaration, we think, alleges a qualifiedly privileged occasion. Whether the occasion has been exceeded is the next question presented by this record.

The Barker letter, among other things, stated that plaintiff was injured in defendant's plant, on the basis of which he received a thirty-five per cent disability award from the state compensation commissioner; that

he had informed the Rehabilitation Division that he had worked for the defendant corporation for twenty-nine years prior to the date of his injury; and that "In view of this client's past excellent record and physical handicap, it occurred to me that you might be interested in making some kind of a job adjustment for him." In response thereto the Ficklen letter simply stated that defendant corporation's payroll showed that plaintiff was employed from March 28, 1923, until March 18, 1938, "which does not indicate that Mr. Parker worked for this company twenty-nine years". The Ficklen statement that plaintiff had been given an opportunity to take light work but "was more interested in collecting total disability insurance which this company provided than he was in working" was the reason that Ficklen thought plaintiff had refused to take light work.

But counsel for plaintiff say that the statement contained in the Ficklen letter: "He brought suit against the insurance company, made an affidavit that he was totally disabled, got some doctors who were willing to cooperate with him in proving this claim, and the insurance company made a settlement with him", was intended by defendants to mean that plaintiff "corruptly and unlawfully obtained money under false pretenses from the insurance company by conspiring with doctors to establish a claim for total disability and falsely and wickedly meant and intended" that plaintiff would not work at any type of work that he could do and that "plaintiff was without moral character or standing and that his moral character was such as to make him unfit to associate with moral or decent people of the community wherein he resides." We think that the innuendoes in the declaration improperly extended the meaning of the statements contained in the Ficklen letter. Instead of explaining the statement, they constitute, in our opinion, a new charge for which purpose they were improperly employed. "An innuendo may serve for an explanation to point a meaning where there is a precedent matter

expressed or necessarily understood or known, but never to establish a new charge." Pt. 3 syl., *Argabright* v. *Jones,* 46 W. Va. 144, 32 S. E. 995; pt. 3 syl., *State* v. *Aler,* 39 W. Va. 549, 20 S. E. 585. For a scholarly discussion of the use of innuendoes in an action for libel or slander, see Judge Green's opinion in *Johnson* v. *Brown,* 13 W. Va. 71, 107-112.

Since the office of innuendo is merely to explain, it cannot be used to aver or charge a fact, or enlarge or restrict language theretofore set out. 33 Am. Jur., Subject, Libel and Slander, Section 241, and cases cited under Notes 2, 3, 4, and 5. And where the meaning of a communication or statement complained of is apparent on its face, no innuendo is needed. 33 Am. Jur., *supra,* Note 1. Because the statements contained in the Ficklen letter are simply in answer to an inquiry and plain on their face, this declaration should be appraised without regard to the innuendoes. It seems clear to the Court that the defendants, under the allegations of the declaration, have not exceeded or abused the conditionally privileged occasion upon which the letter was written. Unexplained by the innuendoes the letter contains no libelous statement or word, and the declaration alleges no state of facts, justifying the meaning, which plaintiff attempts to attach to the letters by the innuendoes. Therefore the demurrer should have been sustained. *Johnson* v. *Brown, supra; Kee* v. *Armstrong, Byrd & Co.,* 75 Okla. 84, 182 P. 494.

*Ruling reversed.*