Nicholas P. KLEIN, Appellant,

v.

BELLE ALKALI COMPANY, a corporation, Appellee.

GLOBAL COMMERCE CORPORATION, S.A., Appellant,

v.

BELLE ALKALI COMPANY, a corporation, Appellee.

Nos. 7105, 7106.

United States Court of Appeals Fourth Circuit.

Argued Jan. 9, 1956.

Decided Feb. 7, 1956.

---

Nicholas P. Klein, pro se.

Herman D. Rollins, Charleston, W. Va., for appellant, Global Commerce Corp., S. A.

Philip Angel, Charleston, W. Va. (B. J. Pettigrew, Sr., and B. J. Pettigrew, Jr., Charleston, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

These are appeals by Global Commerce Corporation, hereafter referred to as Global, and Nicholas P. Klein, its manager, from summary judgments for defendant in two actions for libel which they had instituted against Belle Alkali Company, hereafter referred to as Belle. Global, acting in behalf of Belle, had entered into a contract with a Mexican corporation, Banco Nacional Urbano y de Obras Publicas, S. A., hereafter referred to as Banco, for the sale of chlorine gas in cylinders. When Banco complained to Belle that the cylinders in which the gas was delivered were not new cylinders but cylinders which had been used, Belle replied in a letter stating: "The original deal with Global Commerce Corporation as agents for you was on the basis of used cylinders being furnished" and attached to the letter copy of a letter from Belle to Global stating that the cylinders were not new cylinders. It is the contention of plaintiff appellants that the last mentioned letter referred to a proposition which had been abandoned and they allege in their complaints that the sentence heretofore quoted was libelous in that Belle meant and intended to charge plaintiffs with fraudulent conduct and with having deliberately deceived Banco into accepting and paying for the used equipment as though it were new equipment. The trial judge entered summary judgment for defendant on the ground that the letter was privileged, that the privilege had not been abused and that the innuendos set forth in the complaints improperly extended the mean-

ing of the language alleged to be libelous.

There is no dispute as to the basic facts, which were fully developed at pretrial hearings. Global wrote Belle on April 20 and 21, 1949, requesting quotations on chlorine gas in cylinders. On April 25 Belle replied giving quotations. Global made quotations to Banco on April 27 and on April 30 stated that the offer was for new cylinders. On May 2 and 3 Global wrote Belle that lower prices were being quoted the customer by another company and requested quotations of lowest prices on chlorine gas in new cylinders and including a 10% commission to Global. Belle replied on May 7, 1949 with an offer which would allow commissions only on the chlorine gas and with respect to the cylinders said: "Likewise, the cylinders are not new cylinders as you state in your letter of May 3rd. But they are standard 150 pound chlorine cylinders, and will be tested at the standard 500 pound hydraulic pressure test prior to shipment, and will conform to this government test with regards to temporary expansion and permanent expansion. We are sure the cylinders are of a quality that will be satisfactory to your customer." It was copy of this letter which was sent to Banco with the letter containing the statement complained of as libelous.

On May 19 Global wrote Belle that it was impossible to work upon the basis of a commission on the value of the chlorine only, said nothing in reply to the statement about the cylinders being used cylinders and stated that it was working on the basis of the original quotation. Plaintiffs' contention is that this constituted notice to Belle that it was not offering to Banco cylinders as used cylinders and that Belle in subsequent correspondence acknowledged its responsibility for mistakes with regard to the matter.

Whatever be the interpretation to be placed on the correspondence between the parties, it is perfectly clear that nothing therein contained warrants the allegation that the language in the letter of which complaint is made amounted to a charge of fraud or false pretense. All that was said was that the deal was "on a basis of used cylinders being furnished" with enclosure of a letter calling attention to the fact that the cylinders referred to therein were used cylinders. While contention is made that the letter referring to used cylinders had relation to a proposal that had been abandoned, there is nothing to warrant the conclusion that, even if this be true, Belle was intending to charge Global or Klein with fraud or false pretense or that any one familiar with the correspondence could reasonably ascribe such meaning to the language used. To so construe it, is to attribute a fanciful meaning not warranted either by the facts or by the inducement set forth in the pleadings.

While it is elementary that language relied upon as libelous must be judged in the light of facts known by those to whom it is addressed, it is well settled that its meaning cannot be enlarged or extended by an innuendo in the pleadings. The rule here applicable is thus stated by the Supreme Court of Appeals of West Virginia: "An innuendo may serve for an explanation to point a meaning where there is precedent matter expressed or necessarily understood or known, but never to establish a new charge." Argabright v. Jones, 46 W.Va. 144, 32 S.E. 995. In the opinion in the case cited the rule is quoted from 13 Encyc. of Pleading & Practice 51 as follows: "An innuendo cannot introduce new matter nor enlarge, extend or change the natural sense or meaning of the alleged defamatory words". In the case before us, nothing appearing in the correspondence relied on would warrant extending the meaning of the language used to include a charge that Global or Klein had perpetrated a fraud or made false representations. Belle was giving its understanding of the deal, not characterizing the conduct of Global or Klein. See also Johnson v. Brown, 13 W.Va. 71,

107–112, and, as very much in point, Parker v. Appalachian Electric Power Co., 126 W.Va. 666, 30 S.E.2d 1, a case in which an innuendo in the complaint was used in an attempt to expand the meaning of language in a letter alleged to be libelous as charging corrupt conduct, where the court said:

"But counsel for plaintiff say that the statement contained in the Ficklen letter: 'He brought suit against the insurance company, made an affidavit that he was totally disabled, got some doctors who were willing to cooperate with him in proving this claim, and the insurance company made a settlement with him', was intended by defendants to mean that plaintiff 'corruptly and unlawfully obtained money under false pretenses from the insurance company by conspiring with doctors to establish a claim for total disability and falsely and wickedly meant and intended' that plaintiff would not work at any type of work that he could do and that 'plaintiff was without moral character or standing and that his moral character was such as to make him unfit to associate with moral or decent people of the community wherein he resides.' We think that the innuendoes in the declaration improperly extended the meaning of the statements contained in the Ficklen letter. Instead of explaining the statement, they constitute, in our opinion, a new charge for which purpose they were improperly employed. 'An innuendo may serve for an explanation to point a meaning where there is a precedent matter expressed or necessarily understood or known, but never to establish a new charge.' Pt. 3 syl., Argabright v. Jones, 46 W.Va. 144, 32 S.E. 995; pt. 3 syl., State v. Aler, 39 W.Va. 549, 20 S.E. 585. For a scholarly discussion of the use of innuendoes in an action for libel or slander, see Judge Green's opinion in Johnson v. Brown, 13 W. Va. 71, 107–112.

"Since the office of innuendo is merely to explain, it cannot be used to aver or charge a fact, or enlarge or restrict language theretofore set out. 33 Am.Jur., Subject, Libel and Slander, Section 241, and cases cited under Notes 2, 3, 4 and 5."

Almost directly in point is the decision of this court in Phillips v. Union Indemnity Co., 4 Cir., 28 F.2d 701, 702, where an insurance company had written letters cancelling policies for nonpayment of premiums and the agents, who had collected the premiums, alleged in an innuendo in their complaint that the company intended to convey to policy holders the information that the premiums had not been paid and the agents had been guilty of dishonesty and were unworthy of public confidence and that the letters were so understood by those to whom they were sent. In affirming the court below in sustaining a demurrer to the complaint, this court, speaking through Judge Soper, said:

"It is familiar law that while the office of the innuendo is to connect the defamatory matter with the other facts set out, so as to show the meaning and application of the charge, it cannot enlarge or restrict the natural meaning of the words, or introduce new matter. It cannot be used to give a forced and unnatural construction and application of the words, but only a reasonable and natural construction and application. Wofford v. Press Publishing Co., 2 Cir., 211 F. 961; Vitagraph Co. of America v. Ford, D.C., 241 F. 681, 685; Diener v. Star-Chronicle Publishing Co., 230 Mo. 613, 132 S.W. 1143, 33 L.R.A.,N.S., 216. Upon demurrer, it is always within the province of the court to determine whether the innuendo is fairly warranted by the language declared on, when that language is read either by itself or in connection with the colloquium and inducement,

if there be a colloquium and inducement set forth. Brinsfield v. Howeth, 107 Md. 278, 284, 68 A. 566, 24 L.R.A.,N.S., 583. Furthermore, since the injurious character of the publication and the harm done to the plaintiff depends upon the manner in which the writing is understood by those to whom it is uttered, it must be read and construed in the sense in which the reader would ordinarily understand it; and if, when thus considered, it cannot reasonably be interpreted as defamatory, it will not serve as a basis for the action. Washington Post Co. v. Chaloner, 250 U.S. 290, 39 S.Ct. 448, 63 L.Ed. 987; Baker v. Warner, 231 U.S. [588] 594, 34 S.Ct. 175, 58 L.Ed. 384."

See also Jack's Cookie Co. v. Brooks, 4 Cir., 227 F.2d 935; Washington Post Co. v. Chaloner, 250 U.S. 290, 39 S.Ct. 448, 63 L.Ed. 987; Emde v. San Joaquin County Central Labor Council, 23 Cal.2d 146, 143 P.2d 20, 150 A.L.R. 916; 33 Am.Jur., pp. 219–221.

■ As we are of opinion that the language used is not libelous either when considered in the light of the facts pleaded as inducement in the complaint or in the light of the facts established at the pretrial hearings and included in the affidavits, it is not necessary for us to consider the rules applicable to a privileged communication, which, as the trial judge held, this clearly was.

■ Appellants complain because the entry of summary judgment followed a suggestion by the trial judge that motion therefor be filed supplemented by affidavits as to the facts, after a pretrial hearing had been held and after argument had been made on the statute of limitations; but there is nothing in this of which plaintiffs can complain. The pleadings were clearly insufficient to warrant a recovery; and the facts which were developed before the judge at pretrial showed that they could not be amended to allege a valid cause of action. Plaintiffs were fully heard as to all the questions involved, both in briefs filed in advance of the filing of the judge's opinion and on motions thereafter made to vacate the judgments entered thereon. When the judge determined that on the pleadings and admitted facts there was no issue of fact in the case and no ground upon which plaintiffs could recover, it was perfectly proper that he say so and direct that proper steps be taken to dispose of the case in an orderly way, making of record by affidavit facts which had been developed on pretrial.

Affirmed.