103 So.2d 226 (1958)
Effie M. GREENE, Appellant,
v.
Dean HOIRIIS and Evelyn Hoiriis, his wife, doing business as Dean's Famous Waffle Shop, Appellees.
No. 57-130.
District Court of Appeal of Florida. Third District.
May 15, 1958.
Rehearing Denied June 24, 1958.
*227 Von Arx, Von Arx & Hope, Miami, for appellant.
Waltman & Cohen, Miami, for appellees.
PEARSON, Judge.
Appellant, who was plaintiff in the trial court brings for review a summary final judgment for defendant, assigning as errors the entry of summary final judgment and the entry of an order striking paragraph seven of plaintiff's amended complaint. The appellant not having brought to this court a sufficient record for a review of the summary final judgment and further no error by reason of the order striking a portion of the amended complaint having been made to appear, the judgment is affirmed.
The gist of the amended complaint was a claim that the plaintiff had been discredited and placed in disrepute by alleged false accusations made by the defendants, former employers. Appellant poses the following question as her first point: "May depositions which were filed but which were never opened, offered, nor admitted into evidence, properly be considered by the trial court upon motion for summary final judgment?" A reference to 30 F.S.A. Rule 1.36(c), 1954 Rules of Civil Procedure, reveals the following language: "The judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Emphasis supplied.) The final summary judgment entered affirmatively states that the depositions were considered. Since the depositions were filed and were considered the requirements of the rule have been met.
All of appellant's remaining points, except the last which is hereinafter discussed, require a consideration of the depositions to determine whether there was an issue of fact presented to the trial judge. These depositions were not included in the record transmitted to this *228 court. It is incumbent upon the appellant to bring to the appellate court the record necessary for a consideration of her appeal. Marshall v. State, 32 Fla. 462, 14 So. 92; Nelson v. State, Fla. 1956, 85 So.2d 832. See 31 F.S.A. Rules 3.6(b), (d) (1), Florida Appellate Rules.
Appellant's remaining point is based upon an assignment of error directed to the order of the trial judge which struck the following paragraph of the amended complaint:
"7. Plaintiff, damaged financially, as well as suffering injury to her good reputation, applied for unemployment compensation at the Miami office of the Florida Industrial Commission on or about January 31, 1956, and received compensation until after Defendants filed an appeal on or about February 7, 1956. A determination in Plaintiff's favor was made by the Claims Examiner of the Florida Industrial Commission on or about February 17, 1956."
It appears that section 443.16(3), Fla. Stat., F.S.A. is controlling. The subsection reads as follows: "Privileged communications.  All letters, reports, communications, or any other matters, either oral or written, from the employer or employee to each other or to the commission or any of its agents, representatives or employees which shall have been written, sent, delivered, or made in connection with the requirements and administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any suit for slander or libel in any court of the State."
The appellant contends that the purpose of paragraph seven in her complaint is merely to show lack of probable cause for the alleged slanderous statements, and paragraph seven is not intended to be used for the basis of any complaint for slander. We cannot subscribe to such a contention. To allow the inclusion of this paragraph would have the effect of removing the statutory protection. See Ranson v. West, 125 Ky. 457, 101 S.W. 885, 886; Parker v. Appalachian Electric Power Co., 126 W. Va. 666, 30 S.E.2d 1, 4; 1 Cooley, Torts § 151 (4th ed. 1932); 33 Am. Jur., Libel and Slander § 125. The express purpose and intent of section 443.16 (3), supra, is to class all communications or publications, made in connection with the requirements and administration of the unemployment compensation law, as absolutely privileged. It was clearly the intendment of our legislature that no action will lie for any communication to the commission, even if the communication in question, under ordinary circumstances, would be defamatory. Therefore there was no error committed by the court in striking the paragraph.
It is not necessary for a decision in this case to determine whether the evidence would have been admissible if the plaintiff had reached the trial of her cause.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.