PER CURIAM.
Prime Meat Packers, Inc., the appellant here, was the tenant in certain premises as sub-lessee. The intervening lessee, Prime Meat Packer’s immediate landlord, abandoned the premises. Olkap Realty Corporation, the appellee here, was landlord.
*770 Olkap brought a landlord and tenant action in the Civil Court of Record. In order to avoid eviction, the tenant, Prime Meat Packers, Inc., deposited certain sums with the clerk of the court.[1] There was no order authorizing this deposit nor was there a stipulation, but it was simply deposited “subject to further order of the court”. The landlord’s action was dismissed. Immediately thereafter Olkap, as landlord, brought an action in the circuit court seeking equitable relief. Prime Meat Packers continued to make monthly payments into the registry of the court. The second action was dismissed. Thereafter each party applied to the judge of the civil court of record for an order disbursing to it the money held in the registry of the court. The trial judge held hearings and took testimony of which we have no record. He granted Olkap’s petition by disbursing the money to it.
On this appeal the appellant, Prime Meat Packers, urges that the money was wrongfully disbursed to the appellee and should be returned to appellant. We are unable to decide this question because we do not have the record upon which the trial court acted. See Greene v. Hoiriis, Fla.App.1958, 103 So.2d 226 and cases cited therein.
Nevertheless, we hold that inasmuch as the order appealed granted the petition of appellee and it affirmatively appears from the petition that appellee sought the money under a claim of right, the order appealed should be amended to show that the money was paid pursuant to the claimed right. The petition of the ap-pellee for disbursement of the money stated as follows:
“That the defendant PRIME MEAT .PACKERS, INC., has admitted that it has occupied and used the premises described above for the period of time alleged herein and that petitioner, therefore, is now entitled to the said funds for the use and occupancy of its premises by the said defendant.
“WHEREFORE, petitioner requests this Honorable Court to issue its Order of Withdrawal of Funds on deposit in the Registry of this Court in the above entitled action.”
The order appealed is amended to include the following sentence after the first sentence beginning “ORDERED and ADJUDGED” in said order: “This money is paid pursuant to petition of Olkap Realty Corporation, Inc. as payment for the use and occupancy of the premises involved during the period from 1 January 1962 to December 31, 1962.”
As modified, the order is affirmed.

. We find no statute authorizing this procedure.