JOSEPH G. NEAL

*v.*

HUNTINGTON PUBLISHING COMPANY,

*a West Virginia Corporation*

(No. CC893)

Decided April 9, 1976.

*Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Luther E. Woods and James R. Bailes* for plaintiff.

*Huddleston, Bolen, Beatty, Porter & Copen, William C. Beatty* for defendant.

Per Curiam:

Upon its own motion the Circuit Court of Cabell County certified to this Court the question of whether the complaint of Joseph G. Neal, the plaintiff in a civil action for libel, states a claim against Huntington Publishing Company, the defendant, upon which relief can be granted. In the order which also certified issues to this Court, the circuit court dismissed Neal's complaint in response to the publishing company's motion made pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The trial court ruled that: (1) the alleged libel published "does not in any manner, identify the plaintiff as the person about whom such words speak"; and (2) under West Virginia law, Neal's identity, as the person allegedly libeled, could not be established "by other averment or innuendo in the complaint or by proof in evidence." The validity of the ruling forms the principal issue of the case.

Parenthetically, the propriety of employing the interlocutory method of review, authorized by *W. Va. Code,* 58-5-2, *as amended,* is unquestionable. An order sustaining a motion to dismiss which dismisses the complaint but does not dismiss the action is reviewable upon certificate. Haymond, *Certified Cases Under the Statutes and the Rules of Civil Procedure,* 65 W. Va. L. Rev. 1, 15 (1962–63). *See also, Wilfong v. Wilfong,* 156 W. Va. 754, 197 S.E.2d 96 (1973); *Halltown Paperboard Co. v. C. L. Robinson Corp.,* 150 W. Va. 624, 148 S.E.2d 721 (1966).

We now direct our attention to the main issue. The pertinent allegations of the questioned pleading are as follows:

"3. The defendant, Huntington Publishing Company, well knowing the premises but contriving and maliciously intending to injure the plaintiff in his character and reputation ... did, on November 3, 1972, cause to be published in the City of Huntington, Cabell County, West Virginia, in the Herald-Dispatch, one of the newspapers published by the defendant, the following words:

'WHY HASN'T THE SHERIFF DENIED ANY OF THE 21 FELONY CHARGES AGAINST HIM??

Is he afraid to stand trial?

Is he relying on "Political Maneuvering" to get him off?

Should he be treated different from anyone else charged with a crime?

Pd. Pol. Adv. by the Com. for Honest Law Enforcement,

George Vinson Chm. ....' "

"4. Plaintiff says that the above-quoted words state or imply that he, as the Sheriff of Cabell County, West Virginia, has been charged with the commission of one or more felonies, which words are wholly untrue and were carelessly, recklessly, dishonestly, and maliciously published and circulated to the general public with the purpose and intent of injuring the plaintiff in his good character and reputation in bringing him to public ridicule, infamy, and disgrace, and, as a direct result of said publication, plaintiff has been greatly damaged in his reputation and standing in the community and has been greatly and permanently embarrassed and hummiliated and caused to suffer great mental anguish, ...."

It further appears from the complaint that Neal, then the incumbent Sheriff of Cabell County, was, on November 3, 1972, the Republican nominee for the United States House of Representatives from the Fourth Congressional District of West Virginia. That political subdivision was comprised of the counties of Cabell, Wayne, Mingo, Logan, McDowell, Mercer, Wyoming and Raleigh. Mr. Neal was defeated by the incumbent Congressman at the general election in November, 1972.

Rule 8(a) of the West Virginia Rules of Civil Procedure establishes the general requirements for pleading. It provides:

> *"Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

And, Rule 8(e)(1), W. Va. R.C.P. states that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Of particular bearing on our determination of whether plaintiff has stated a claim for relief is the explanation of Rule 12(b)(6) in Lugar & Silverstein, W. Va. Rules (1960):

> "In general a motion under Rule 12(b)(6) to dismiss the complaint 'for failure to state a claim upon which relief can be granted' corresponds to the demurrer under the old practice, but the test is less stringent because the requirement of stating a claim is simplified under Rule 8(a) and (e)(1). Thus a declaration which was demurrable under the old practice may often be sound when challenged under the new system. The federal courts have held that a complaint will not be dismissed 'unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the

claim.' State courts which have adopted Rules based on the Federal Rules have generally applied the same liberal interpretation. Yet the complaint must not omit a vital element of the plaintiff's cause of action." *Id.* at pp. 101, 102. [Footnotes omitted.]

The elements required to prove libel of a candidate for public office or of a public official are clearly set out in *Sprouse v. Clay Communications, Inc.,* ___ W. Va. ___, 211 S.E.2d 674 (1975).

"A candidate for political office is governed by the same rules with regard to recovery for libel as a public official and can sustain an action for libel only if he can prove that: (1) the alleged libelous statements were false or misleading; (2) the statements tended to defame the plaintiff and reflect shame, contumely, and disgrace upon him; (3) the statements were published with knowledge at the time of publication that they were false or misleading or were published with a reckless and willful disregard of truth; and, (4) the publisher intended to injure the plaintiff through the knowing or reckless publication of the alleged libelous material." *Id., Syllabus* Point 1.

In his complaint Neal alleges: (1) that the words in the advertisement "are wholly untrue"; (2) that he has been "damaged in his reputation and standing in the community" and greatly "embarrassed and humiliated"; (3) that the words were "recklessly, dishonestly, and maliciously published and circulated"; and (4) that they were published with the "intent of injuring the plaintiff in his good character and reputation." It is obvious that these four allegations sufficiently contain the elements necessary to sustain an action in libel.

The thrust of the defendant's argument here, as it was in the trial court, is that the "defamatory language does not in any manner identify the plaintiff as the person about whom such words speak nor does any part of it in any way imply a reference to such plaintiff from

which his identity can be ascertained." The primary basis for defendant's assertion that plaintiff has failed to state, and is incapable of stating under any circumstances, a claim upon which relief can be granted, is an early West Virginia case, *Argabright v. Jones*, 46 W. Va. 144, 32 S.E. 995 (1899).

Defendant urges that *Argabright* stands for the proposition, which is reflected in a line of cases, that extrinsic evidence may not be used to identify a person who has been defamed. *See e.g., Helmicks v. Stevlingson*, 212 Wisc. 614 214, 250 N.W. 402 (1933). Plaintiff contends, on the other hand, that *Argabright* supports the antithesis. Plaintiff aligns *Argabright* with those cases which permit proof of identity by extrinsic evidence and which hold that it is a jury question. *See, e.g., Brayton v. Crowell-Collier Publishing Co.*, 205 F.2d 644 (2nd Cir. 1953). The pertinent language contained in *Argabright*, which is the subject of these conflicting interpretations, is stated in the Court's first syllabus point:

> "In an action for libel, the defamatory words must refer to some ascertained or *ascertainable* person, and that person, must be the plaintiff. If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory. An innuendo cannot make the person certain who was uncertain before." [Emphasis supplied.][1]

---

[1]The *second* sentence of the quoted *syllabus*, while applicable to the facts of *Argabright*, has no substantive relevance to the alleged libel of Sheriff Neal. The per se libelous statement of the advertisement printed by defendant Newspaper refers to a particular individual, "The Sheriff." The advertisement does not refer to sheriffs generally or sheriffs of several area counties, or the like; it is rather pointedly singular in its attack upon an individual whose identity may be ascertainable. Accordingly, citations of authority which hold that an anonymous member of a libelled class has no cause of action are inapposite. For examples of "class defamation" decisions, *see, Blaser v. Krattiger*, 99 Ore. 392, 195 p. 359 (1921); *Kenworthy v. Journal Co.*, 117 Mo. App. 327, 93 S.W. 882 (1906); and *Latimer v. Chicago Daily News*, 330 Ill. App. 295, 71 N.E.2d 553 (1947).

It is the opinion of this Court that the language, "ascertained *or ascertainable*," indicates that the *Argabright* Court contemplated that the identity of a particular but unnamed libelant is a factual matter ascertainable by way of proof. Thus, although the identity of "the sheriff" cannot be ascertained by the naked allegations of the complaint, it may be *ascertainable* by way of extrinsic evidence.

It was true, as stated in *Argabright*, that, in the context of common-law pleading, an *averment* or *innuendo* could not make a person certain who was previously uncertain; however, a *colloquium* could.[2] Nevertheless, technical forms of pleading such as *averment, innuendo* and *colloquium,* are unnecessary and irrelevant in view of the promulgation of the Rules and, particularly, Rule 8(e)(1), W. Va. R.C.P. Comparatively, Rule 9(b), W. Va. R.C.P. provides that malice, an essential element of proof in a libel action brought by a candidate for public office, may be averred generally. Thus, the requirement of stating a proper claim is less stringent under the Rules which require merely notice pleading and thereby encourage short and plain allegations.

Plaintiff Neal has satisfied both substantive and procedural requirements of stating a cause of action for libel.

For the foregoing reasons, the ruling of the Circuit Court of Cabell County is reversed and the case is remanded for further proceedings.

*Reversed and remanded.*

---

[2]An *averment* was a mode of pleading used to allege that the words used were in fact defamatory. An *innuendo* was a pleading employed to clarify ambiguous meaning of words. And a *colloquium* was an allegation which linked the defamatory statement to the plaintiff. *See generally,* 17 Am. Jur. Trials, *Libel Actions by Public Officials,* §20 (1970).