**Pierre E. DOSTERT, Plaintiff,**

v.

**WASHINGTON POST COMPANY,
Defendant.**

**Civ. A. No. 81–0027–M(H).**

United States District Court,
N. D. West Virginia,
Martinsburg Division.

Feb. 5, 1982.

Herbert G. Underwood, Steptoe & Johnson, Clarksburg, W. Va., for plaintiff.

David E. Kendall, Kevin T. Baine, Gerson A. Zweifach, Williams & Connolly, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

### HADEN, District Judge.

■ Plaintiff, a public official,[1] brings this libel action[2] against the Washington Post Company to recover both compensatory and punitive damages for injury to his reputation allegedly resulting from an article published in the Defendant's newspaper on August 20, 1981. Defendant moves this Court to dismiss this action for failure to state a claim upon which relief can be granted, pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure. After both parties filed memoranda of law in support of their respective positions, this Court con-

---

1. Plaintiff alleges that he is currently, and was at the time the alleged defamatory article was published, an elected judge in West Virginia's Twenty-third Judicial Circuit. Complaint ¶ 1. The West Virginia Supreme Court of Appeals has recently stated:

   "The cases decided by the United States Supreme Court in the wake of *Sullivan* appear to imply a first amendment defense to libel and slander which is in direct proportion to the social need for the type of communication from the defamation action proceeds .... Thus, the first amendment defense in its strongest form concerns communications about a public official or candidate for office because of the need for full, robust and unfettered public discussion of persons holding or aspiring to offices of public trust." *Hava-lunch, Inc. v. Mazza*, No. 14900, Slip Op. at 3

   (W.Va. Dec. 11, 1981) (citations omitted) (dicta).

   Under West Virginia law, therefore, Plaintiff is a "public official" as a matter of law. *See Starr v. Beckley Newspapers Co.*, 201 S.E.2d 911 (W.Va.1974) (holding on a certified question that a police officer is a public official as defined in *Sullivan*).

2. This Court has original jurisdiction to hear this action pursuant to 28 U.S.C. § 1332(a)(1). Accordingly, West Virginia law, as glossed by *New York Times Co. v. Sullivan*, and its progeny, governs the substantive law of this case. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937); *Fitzgerald v. Penthouse International, Ltd.*, 639 F.2d 1076, 1079 (4th Cir. 1981).

ducted a hearing on Defendant's motion on February 1, 1982. At that hearing, this Court issued a bench ruling granting Defendant's motion to dismiss Count I, but denied its motion to dismiss Count II. This Court is now entering this Memorandum Opinion and Order to memorialize its earlier bench ruling.

## THE COMPLAINT [3]

In Count I, Plaintiff alleges that a headline [Judge Dostert Guilty On One Count] which appeared in the August 20, 1981, edition of the Washington Post is false to the extent that it is calculated to permit the reader to infer that Plaintiff had pled guilty to or was found guilty of a crime, when in fact he had only pled *nolo contendere.* In Count II, the Plaintiff alleges that a portion [4] of the accompanying article which relates that Plaintiff "barged into the Preissler home" is false in light of the fact that five months before the article was published, a jury had found Plaintiff not guilty of trespass in the Preissler home. In both counts, Plaintiff alleges actual malice,[5] publication and resulting injury to his reputation.

### A. *Count One.*

■■■ Under certain circumstances, West Virginia law provides that a headline may be considered separately from the accompanying article when determining whether a defendant in a libel action published a known falsehood.[6] Assuming *arguendo* [7] that these circumstances are present and that the headline may be con-

---

3. When considering a motion to dismiss pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure, the complaint must be construed in the light most favorable to the Plaintiff and its allegations taken as true. Only when it appears that Plaintiff could prove no set of facts in support of his claim which would entitle him to relief should the motion be granted. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Johnson v. Mueller,* 415 F.2d 354 (4th Cir. 1969); *Brock & Davis Co. v. Charleston National Bank,* 443 F.Supp. 1175 (S.D.W.Va. 1977).

In applying this standard, however, courts have been careful to distinguish between material factual allegations which must be taken as true on a motion to dismiss, and legal conclusions which are not supported by the complaint's factual allegations. Courts need only assume the veracity of the former. *See Challenger v. Local Union No. 1 of the International Bridge, Structural and Ornamental Ironworkers,* 619 F.2d 645, 649 (7th Cir. 1980) ("A motion to dismiss admits only allegations of fact, not legal conclusions."); *K-Mart Corp. v. Midcon Realty Group of Connecticut, Ltd.,* 489 F.Supp. 813 (D.Ct.1980).

4. "The Copter Caper has been a source of political mudslinging and local gossip since Dostert, wearing a trenchcoat over his pajamas, barged into the Preissler home looking for the pilot who had landed his helicopter in a nearby field." Complaint ¶ 2 of Count II.

5. In *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the Supreme Court held "that the Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct." *Id.* at 283, 84 S.Ct. at 727. In such instances:

"The constitutional guarantees require . . . a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 279–80, 84 S.Ct. at 725–26.

6. "Generally where the headline is of normal size and does not lead to a conclusion totally unsupported in the body of the story, both headlines and story should be considered together for their total impression. However, where oversized headlines are published which reasonably lead the average reader to an entirely different conclusion than the facts recited in the body of the story, and where the plaintiff can demonstrate that it was the intent of the publisher to use such misleading headlines to create a false impression on the normal reader, the headlines may be considered separately with regard to whether a known falsehood was published." *Sprouse v. Clay Communication, Inc.,* 211 S.E.2d 674, 686 (W.Va.) *cert. denied* 423 U.S. 882, 96 S.Ct. 145, 46 L.Ed.2d 107 (1975).

7. If the headline is not considered separately from the accompanying article, this Court finds that a fair reading of the two does not give rise to a cause of action for libel as purported in Count I. In reaching this conclusion, the Court notes that the article specifically indicates that Plaintiff pled *nolo contendere* to one misdemeanor count pursuant to a plea bargain agreement.

sidered separately from the accompanying article, this Court holds that a headline which characterizes the entry of a *nolo* plea as an admission of guilt cannot be considered false under West Virginia law.[8] Rather, such a headline is substantially true and does not provide any basis for a libel action under West Virginia law.[9]

### B. *Count Two.*

This Court finds that the statements complained of in Count II can be read to imply conduct on Plaintiff's part which rises to the level of an unethical use of his judicial position and the commission of a crime.[10] In light of the allegation in the complaint that Plaintiff had previously been acquitted of trespassing in the Preissler home, a factual issue exists as to whether or not the statements complained of in Count II have a defamatory meaning. The Court cannot resolve this factual issue on a *Rule* 12(b)(6) motion to dismiss. *Conley v. Gibson, supra.*

Defendant alternatively argues that even if this Court finds that the statements complained of in Count II can be read to imply a defamatory meaning, this Court should nonetheless adopt Judge Weinfeld's reasoning in *Simmons Ford, Inc. v. Consumers Union of the United States*, 516 F.Supp. 742 (S.D.N.Y.1981), and hold that Plaintiff is libel proof as a matter of law. This Court, however, does not consider *Simmons* to be persuasive authority in West Virginia.[11]

Accordingly, this Court cannot conclude that Plaintiff could prove no set of facts which would entitle him to relief under Count II.

### ORDER

This Court hereby ORDERS that Defendant's motion to dismiss is granted as to Count I, but denied as to Count II.

---

**8.** On at least two occasions, the West Virginia Supreme Court of Appeals has held that:

"A plea of *nolo contendere*, when accepted by the court is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. *The judgment of conviction follows upon such plea, as well as upon a plea of guilty.*" *State ex rel. Clark v. Adams*, 144 W.Va. 771, 782, 111 S.E.2d 336, 342 (1959) (emphasis added), *quoting* Syllabus Point 2 of *Schad v. McNinch*, 103 W.Va. 44, 136 S.E. 865 (1927).

**9.** Under the first amendment, truth is an absolute defense in a civil libel action brought by a public official. *See Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 490, 95 S.Ct. 1029, 1043, 43 L.Ed.2d 328 (1975), *citing New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). After *Sprouse*, it is apparent that "substantial truth" constitutes an absolute defense in a civil libel action brought by a public official in West Virginia. *Sprouse v. Clay Communication, Inc., supra*, 211 S.E.2d at 689 ("[G]reat latitude must be given a newspaper to report observed facts and to make legitimate, negligent, or even grossly negligent inferences from those facts.") *See also, Ryan v. Brooks*, 634 F.2d 726, 733 (4th Cir. 1980) (applying *New York Times v. Sullivan*).

**10.** In West Virginia, extrinsic evidence may be employed to ascertain whether an *innuendo* may be assigned a defamatory meaning. *See Neal v. Huntington Publishing Co.*, 223 S.E.2d 792 (W.Va.1976) (per curiam). Since discovery may clarify the *innuendo*, it would be premature for the Court to adopt Defendant's argument that the statements complained of in Count II are not susceptible of a defamatory meaning.

**11.** In this Court's estimation, it is unlikely that the West Virginia Supreme Court of Appeals would adopt the *Simmons* court's holding that an article which is true and damaging in many respects cannot be libelous as a matter of law, notwithstanding that parts of it may be knowingly false. *Cf. Erie Railroad Co. v. Tompkins, supra.*