ANNA K. VLIET, joined by her next friend, CLARENCE P. GRILL, v. WINIFRED CLARKE ANTHONY, *et vir*, and CENTRAL FARMERS TRUST CO.

160 So. 663.
Opinion Filed April 4, 1935.

*A. Melrose Lamar*, for Appellant;

*S. C. Kearley, J. Leo Chapman,* and *Coleman & Cook,* for Appellees.

DAVIS, J.—This is a motion whereby appellant has moved the Court for an order granting her leave to file a stipulation signed by all the parties to the cause reading as follows:

"The undersigned stipulate and agree that the transcript of record in the above entitled appeal, and now on file in the Supreme Court of Florida, contains at pages 35-66 thereof, in narrative form, a true and correct recital of all of the evidence adduced by the parties and considered by the Chancellor in the rendition of the final decree from which said appeal was entered; and that the same may be considered by the appellate court in the same manner and to the same extent as if said evidence as so transposed and included in said transcript of record, had been examined,

approved and certified by the Chancellor, after notice, in manner and form as set forth in the decision of the Supreme Court of Florida in McKell v. Jackson, 144 Sou. Rep. 670.

> "A. Melrose Lamar,
> "Solicitor for Anna K. Vliet,
> Appellant.

> "S. C. Kearley,
> "J. Leo Chapman,
> "Solicitors for Winifred Clarke
> Anthony and her husband, Roscoe
> T. Anthony, Appellees.

> "Celoman & Cook,
> "Solicitors for Central Farmers
> Trust Company, Appellee."

The practice of transposing the testimony in a chancery cause from questions and answers to narrative form in the preparation of a transcript is approved and is of material assistance to the Supreme Court. But there is no authority for converting questions and answers into a running narrative of the testimony and in the latter form bringing it to this Court in a transcript unless it has been submitted to and certified as substantially correct by the Chancellor in whose jurisdiction the decree appealed from was rendered. McKell v. Jackson, 107 Fla. 302, 144 Sou. Rep. 670.

The stipulation entered into by the parties to this appeal should be submitted to and approved by the Chancellor before being presented to this Court for approval. It is the duty of a court *a quo* to perfect its records in a case being appealed, in order that the final record taken to the appellate court by means of a transcript of it, may truly reflect there the record of what was acted upon in the court *a quo*.

Where the parties have stipulated for a restatement of the evidence taken in a chancery case in narrative form for the convenience of the appellate court in its consideration of the case, it is likewise the duty of the court *a quo* to receive and act upon a joint stipulation of the parties agreeing between themselves upon a transposition of the evidence to a narrative form, and thereupon to approve and certify to the evidence as transposed, unless it appears not to have been fairly or accurately done.

The motion made in this Court for recognition of the stipulation and concomitant transposition of the evidence is denied without prejudice with leave to the movant to withdraw the transcript now on file for submission to the Chancellor for his examination and certification as to the evidence which is the subject matter of the parties' joint stipulation, same to be done in acordance with the procedure indicated in this opinion and a proper transcript of the record to be refiled in this court within thirty days from the date of the withdrawal of the transcript now on file, all of which is to be certified to the court below accompanied by a copy of this opinion.

Motion denied without prejudice and with directions for further proceedings.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.