POTTASH v. DRY & COMPANY.

Circuit Court, Dade County, Civil Appeal.

November 22, 1955, January 6 and 9, 1956.

Milton A. Friedman and Edward S. Klein, both of Miami, for appellant.

Graham C. Miller and Armand J. Brissette, Jr., both of Miami, for appellee.

CHARLES A. CARROLL, Circuit Judge.

*November 22, 1955:* This cause came on to be heard on the appeal. Appellee challenges the record—contending that there is no record of the testimony or proceedings in the trial court to support the appeal. It appears to this court that further opportunity should be furnished to prepare and certify a record of the testimony.

This cause presents a somewhat unusual situation. The trial was held without a jury, in the civil court of record. The judge

who tried the case is no longer a member of that court. It appears from statements of counsel before me that the trial in the lower court took about an hour and a half, and that proof was submitted through four witnesses, one witness for the plaintiff, one witness for the defendant, and two rebuttal witnesses for the plaintiff. The problem now is the same as it has been for the last six or eight months, which is an effort to try to reconstruct the substance of testimony of said four witnesses, so as to enable the appellate court to consider an appeal by the plaintiff, against whom judgment was entered.

Supreme court rule 11(4) contemplates this situation, in making provision for the appellant to direct inclusion in the transcript of the testimony in narrative form, and it provides that upon such a direction being filed the appellee can within a period file objections stating "the reasons for such objections." From the nature of the proceedings, and through custom, in order for the court to pass upon the objections, it is necessary for the reasons given to

be such as to point out in what respect the appellee considers the statements of the testimony to be inaccurate, and in turn to state what facts were testified to by said witnesses in order that the court may determine upon and settle the record. That was not done in the lower court, but a motion to strike the narrative statement of the testimony as proffered by the appellant was filed and was granted, with a general statement that appellant's narrative was inaccurate, without pointing out the inaccuracies or making provision for refiling or making the same accurate.

The matter came on further before this court, and this court recognized the motion which had been filed by the appellee in the lower court as not having stated the reasons for the inaccuracies as required by the Supreme Court rule for such objections, and the court gave the appellee additional time within which to state its objections so as to show in what respects the appellant's narrative statement of the facts was not accurate.

Following that order of this court, which was made April 21, 1955, the appellee did not file any objections, but filed in this court a motion to have this court vacate its own order last referred to. That motion came on for hearing and was denied.

The matter now comes on for hearing on the appeal, following the filing of briefs. To the extent that a record of the testimony may be essential in this appeal, the appellant relies upon the narrative statement which he filed in the lower court, as referred to above, and takes the position that the said narrative statement should be considered as the true record—because of the appellee's failure and refusal to file any objections, as above pointed out.

On the other hand, the appellee relies on its position that there is no record of the trial testimony properly in the record on appeal. While this court is inclined to agree with that contention on the part of the appellee, at the same time this court recognizes that this defect in the record is not from any fault of the appellant, who has sought to have the same included and who has filed or offered his narrative statement, but that the defect in the record is the result of the appellee failing or refusing to specify his objections while objecting generally, and the fact that the judge who tried the case in the lower court did not follow the matter through and determine and settle upon that feature of the record.

Accordingly, that feature of the record will be determined and settled by this court on the following procedure—

The matter is set to be heard before this court on Wednesday, January 4, 1956, at 2:00 P.M., at which time this court will consider objections which may be filed by that time by the appellee, as allowed and provided under Supreme Court rule 11(4), addressed to the narrative statement which appellant filed and directed to be included in the record, and this court will consider what the parties shall have submitted with reference to what the facts are as to the testimony, or the substance of the testimony of witnesses who appeared at said trial, and will rule thereon, and from the matter submitted will settle upon a record with reference to said testimony, which will then be part of the appeal record.

Pending the hearing hereinabove provided for, the hearing on the appeal will be postponed. This appellate court is undertaking to settle the record, pursuant to its jurisdiction on three grounds— one is because of the practical difficulty of having the record settled in the lower court, second, because a party who is appealing is entitled to a record and should not be deprived of an appeal by

road blocks or difficulties in the preparation of the record, and, third, because a court having appellate jurisdiction has inherently, and in the case of the circuit court has by express constitutional grant the power to make any and all orders which may be necessary to make the exercise of its jurisdiction effective, section 11, article V, Florida constitution. See also section 33.11 (5), Florida Statutes 1953.

*January 6, 1956:* This cause came on to be heard before me pursuant to order of November 22, 1955 relating to the record on appeal. No further new objections were filed to the narrative statement submitted by appellant. Whereupon, it is ordered and adjudged that the narrative statement filed herein by appellant of the testimony of the witnesses at the trial shall be part of the record on appeal. It is further ordered that hearing for argument on this appeal be heard before this court on Friday, January 6, 1956 at 11 A.M.

*January 9, 1956:* Argument of counsel having been heard on the appeal, and the record and briefs on this appeal having been examined and no reversible error appearing, the judgment of the lower court appealed from is hereby affirmed.