114 So.2d 638 (1959)
Edward C. MOYER, Appellant,
v.
Helen M. MOYER, Appellee.
No. 58-661.
District Court of Appeal of Florida. Third District.
September 24, 1959.
Charles & Watson, Miami, for appellant.
Eugene T. Mullen, Miami, for appellee.
PEARSON, Judge.
The defendant husband appeals from a final decree of divorce entered in favor of the appellee wife. The decree included a lump sum alimony provision. Appellant's sole point is directed to a determination of the propriety of the lump sum alimony award. The record with which we are presented contains only the pleadings in the case. Inasmuch as we are unable to determine the propriety of the award to which error is assigned without reference to the evidence before the chancellor, we affirm the decree. Hall v. Davis, Fla.App. 1958, 106 So.2d 599; Greene v. Hoiriis, Fla.App. 1958, 103 So.2d 226.
Although not necessary to a decision in this case it should be noted that the obligation to furnish a record sufficient to support the appeal is upon the party urging error. Rule 3.6(b) Florida Appellate Rules, 31 F.S.A. The appellant urges as an extenuating circumstance for his failure to bring us a proper record that there was no court reporter present at the time of the taking of the testimony. It is not in keeping with the orderly processes of law that there should be a time when an appeal is impossible because a court reporter was not *639 employed by one of the parties. We point out first that a stenographic transcript of the testimony is not necessary for an appeal. Rule 3.6(h), Florida Appellate Rules, 31 F.S.A.,[1] not only provides for the use of narrative statements of the testimony, but frankly endeavors to encourage such simplified appeals. Good lawyers are reasonable men. As officers of the court they are interested in aiding both the trial and appellate courts in an orderly and expeditious disposition of the cases before them. Experience demonstrates that practicing lawyers place their personal honor far above the interest of any client. Therefore, they will often find occasions when agreement may be reached upon a narrative statement of the testimony although no stenographic record is available.
There are undoubtedly occasions where even the most fair-minded protagonists cannot agree upon a statement of the testimony which was not reported. The legislature has provided a method for the inclusion of a statement of testimony by recital in an order of the court.[2] Cf. Cleary Bros. Const. Co. v. Phelps, 156 Fla. 461, 24 So.2d 51. See also Vliet v. Anthony, 119 Fla. 638, 160 So. 663, 664, which although decided under a procedure no longer followed contains the following statement of law which is still applicable:
"* * * It is the duty of a court a quo to perfect its records in a case being appealed, in order that the final record taken to the appellate court by means of a transcript of it may truly reflect there the record of what was acted upon in the court a quo * *."
Florida Appellate Rule 3.6(l),[3] provides a method for the settlement of a record where material portions have been omitted by error or accident. It will be recognized that by Rule 3.8,[4] Florida Appellate Rules, the inherent power of the trial court to make a record speak the truth is recognized.
*640 A case which clearly indicates the power as well as the desire of an appellate court to establish a record where the right of appeal would otherwise be lost is Pottash v. Dry & Company, 8 Fla. Supp. 174. In that case, the Honorable Charles A. Carroll, then circuit judge acting as an appellate judge for the Civil Court of Record, in and for Dade County, Florida, settled a record upon an appeal from the Civil Court of Record to the circuit court, by applying former Supreme Court Rule 11(4).
Having determined that a sufficient record was not presented for a review of this cause it appears that the appellant has failed to demonstrate error and that the decree of the court below must be affirmed.
Affirmed.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] "Stipulated Statement. When the points to be presented on an appeal can be determined without an examination of the record in the lower court, the parties may prepare and sign a stipulated statement in the cause showing how the points to be presented arose and were decided in the lower court and setting forth only so many of the facts averred and proved, or sought to be averred or proved, as are deemed essential to a decision of the points by the Court. Within the time provided by this rule, the clerk of the lower court shall certify and transmit the stipulated statement, a copy of the order, judgment or decree appealed from, and all other appeal papers to the Court, and the same shall constitute the record-on-appeal."
[2] Section 59.15(4), Fla. Stat., F.S.A. "Proceedings in pais; authentication.  Proceedings in pais, not stenographically reported, may be authenticated by recitals in orders, judgments, or decrees, of the trial court, or of the judge thereof, or by a stipulation by the interested parties."
[3] "Correcting or Completing. Unless the record shows to the contrary, it shall be presumed, upon appellate proceedings, that the record transmitted to the Court contains all proceedings in the lower court material to the points presented for decision in the Court. If anything is omitted from the record-on-appeal by error or accident, the parties by stipulation, or the lower court, either before or after the record is transmitted to the Court, or the Court on a proper suggestion or on its own initiative, may direct that the omission be corrected. If any dispute arises as to whether any transcript truly discloses what occurred in the lower court, or is in conformance with any stipulation of the parties, the dispute shall be submitted to and settled by the lower court and the transcript made to conform accordingly."
[4] "After the entry of an appeal, but before the record-on-appeal is filed in the Court, the things required to be done in the lower court or appellate court and objections to things done, including the fixing or extension of time within which they shall be done, shall be under the supervision of the lower court, subject to the control of the appellate court by motion on proper notice. A certified copy of any order entered by the lower court under this rule shall be filed by the moving party or parties with the clerk of the appellate court within 5 days after it is entered."