145 So.2d 559 (1962)
Lottie Sykes DOWNING, Appellant,
v.
Preston BIRD and City of Homestead, Appellees.
No. 62-150.
District Court of Appeal of Florida. Third District.
October 16, 1962.
Rehearing Denied November 1, 1962.
*560 Harry Housen, Miami, for appellant.
Vernon W. Turner, Homestead, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
This is a second appeal in this case. The original final decree in favor of the appellees was reversed by the supreme court in a decision reported as Downing v. Bird, Fla. 1958, 100 So.2d 57, and remanded for further proceedings. Thereafter, following amendments to the pleadings and issue being joined, a second final hearing was held before the chancellor which resulted in the entry of a final decree adverse to the appellant. Subsequent to the entry of the final decree, the appellant filed a petition for rehearing requesting that the court re-take all the testimony and evidence in the matter because of: first, the delay between the final hearing and the rendition of the final decree and, second, that the original proceedings resulting in the final decree had not been reported.
This appeal seeks review of the order denying the petition for rehearing and the final decree rendered. Unfortunately for the appellant, with no record of the proceedings which resulted in the final decree which recites that it was rendered after the taking of testimony and evidence, this court is not authorized to review and alter same. Hall v. Davis, Fla.App. 1958, 106 So.2d 599; Insana v. Hasty, Fla.App. 1959, 109 So.2d 791. As to the order denying the petition for rehearing, the appellant has failed to demonstrate any error on the part of the chancellor in the denial of this petition. First, the record fails to disclose any error or abuse on the part of the chancellor in delaying the actual entry of the final decree a considerable length of time subsequent to the final hearing. Second, the appropriate method for establishing the evidence before the chancellor at the final hearing was not to have a complete retrial of the merits [as the appellant sought by her petition for rehearing], but the record should have been established in accordance with the principles laid down in Potash v. Dry & Company, 8 Fla. Supp. 174, which procedure was cited with approval by this court in Moyer v. Moyer, Fla.App. 1959, 114 So.2d 638.
Therefore, for the reasons above stated, the orders [review of which are sought by these proceedings] be and they are hereby affirmed.
Affirmed.