RAWLS, Judge.
Josephine Smith, defendant in the lower court, appeals from a final decree granting divorce to plaintiff husband on the grounds-of desertion, (which he alleged began on March 10, 1958) and denying defendant wife’s counterclaim for accrued support money and other relief. We will refer to the parties as husband and wife.
From the record on appeal filed in this court it appears that these parties have been litigating between themselves for many years. In February of 1958 while the parties were residents of the state of Ohio, the wife instituted a suit for alimony without divorce against the husband. In June of 1959 the husband filed in the Ohio suit an answer and a cross-claim praying for a di *288 vorce, but this court is without knowledge of the grounds for divorce alleged therein.
On August IS, 1961, the Ohio court entered a decree granting to the wife separation and alimony, denying the husband’s counterclaim for divorce, and in this decree found that the husband had been guilty of gross negligence of duty and extreme cruelty. During the pendency of the Ohio proceedings, the husband was stationed in Alaska and procured a divorce in that jurisdiction which was set aside by the Alaskan ■court on the ground that the court lacked jurisdiction for want of residence of the husband.
We are called upon to consider the wife’s points on appeal going toward lack of husband’s residence, denial of her prayer for travel expenses to attend the final hearing, and the sufficiency of the evidence to support the decree as to the charge of desertion for more than one year. In support of the latter point, the wife insists that the filing by her of the Ohio separate maintenance action, as a matter of law, precluded the running of the period of time required to sustain the husband’s allegation of desertion. Such point is not well taken. While ordinarily the filing of a separate maintenance action might toll the running of time to support the grounds of desertion, there are exceptions to such rule, such as the lack of a bona fide controversy or an unconditional offer of reconciliation made in good faith.[1]
Due to the loss of the court reporter’s trial notes, the appellant wife has not presented a transcript of the trial proceedings, nor did the parties see fit to file an agreed statement of facts.[2] Each of the points on appeal must be examined in light of the complete trial proceedings, and in the absence of same, we presume that the chancellor had before him adequate testimony and proofs to sustain the allegations of the complaint, and, therefore, was correct in entering the final decree.
Affirmed.
CARROLL, DONALD K., C. J., and STURGIS, J., concur.

. See Martin v. Martin, 66 So.2d 268 (Fla. 1953) and Betts v. Betts, 63 So.2d 302 (Fla.1953).

. For procedure in such event see Moyer v. Moyer, 114 So.2d 638 (Fla.App.3d, 1959).