PER CURIAM.
By this interlocutory appeal, the appellant brings on for review a post-final decree order modifying that portion of a final, decree of divorce awarding her the custody of the minor child of the parties.
Unfortunately, we were not presented with a transcript of the proceedings which took place before the chancellor upon the petition for modification, as there was no court reporter present. Without such a record, it is impossible for this court to determine if the chancellor abused his discretion. See: Hall v. Davis, Fla.App.1958, 106 So.2d 599; Insana v. Hasty, Fla.App. 1959, 109 So.2d 791; Southern National Bank of Fort Walton Beach v. Young, Fla.App.1962, 142 So.2d 788. Once again, for the benefit of the bar, attention is called to the appropriate procedure to be used to-establish a record when no court reporter was present at the hearing. See: Downing v. Bird, Fla.App.1962, 145 So.2d 559; Pottash v. Dry & Company, 8 Fla.Supp. 174.
Therefore, without the benefit of the evidence upon which the chancellor rendered' his decision, we must accept his order as-correct and same is hereby affirmed, without prejudice to the appellant to apply to the-chancellor for reasonable rights of visitation and to seek a modification of the custody order at any time in'the future, in the-event of new conditions arising which *539 would justify a modification thereof for the best interests of the child. See: Sayward v. Sayward, Fla.1949, 43 So.2d 865; 10 Fla.Jur., Divorce, § 262.
Affirmed.