PER CURIAM.
This is an appeal from the juvenile court, and it is the second appearance of *711 this case in this court. See: Rudolph v. Rudolph, Fla.App.1962, 146 So.2d 397. Following the rendition of said opinion, subsequent proceedings were had in the trial court in light of the following:
1. The mother of the minor child, had remarried.
2. Title to the home • premises wherein the mother and minor child were residing was, by agreement, conveyed from the former husband to the former wife.
3. The mother of the minor child and her new husband were occupying the premises from the time of her remarriage through the time of the transfer of title.
4. The cause was transferred to the juvenile court by the circuit court, for the purpose of considering matters relating to the welfare of the minor child. The juvenile judge entered an order on May 11, 1964-, raising the support payments to $20.00 a week, requiring the father to pay one-half of the outstanding medical bills, and to pay all subsequent medical bills provided he is consulted prior to their being incurred.
The mother has now brought this appeal, contending error in the entry of this order and, in particular, the failure to require the father to continue to pay one-half of the mortgage payments on the home.
As noted from our previous opinion, the father was required to contribute $15.00 a week for the support of the minor child and to pay one-half of the mortgage payments upon the residence while the mother and the minor child lived therein. The opinion read, in part, as follows:
“ * * * The amended decree shall provide that the husband pay all mortgage payments from the date of the amended decree, together with interest, taxes and insurance. One-half of each of such payments shall be considered as child support, and the remaining one-half shall be considered as the husband’s payment upon his own interest in the property. The amended decree shall provide for the right of the mother and the son to live in the former residence of the parties so long as the wife shall maintain it as a home for herself and the child. * * * ”
The appellant contends that the juvenile judge erred in refusing to require the father to continue to pay one-half of the mortgage payments on the home. This contention is found to be without merit because of the mother’s remarriage, the transfer of the title of the residence to her, and the specific wording of this court’s prior opinion [quoted above]. No error has been demonstrated in the ruling relative to medical expenses, particularly in view of the fact that no transcript of the proceedings [which resulted in the rendition of the order of May 11, 1964] was brought to this court. See: Hall v. Davis, Fla.App. 1959, 106 So.2d 599; Moyer v. Moyer, Fla. App.1959, 114 So.2d 638; Downing v. Bird, Fla.App.1962, 145 So.2d 559.
Therefore, for the reasons stated above, the order here under review is hereby affirmed.
Affirmed,