JOHNSON, Judge.
This is an appeal from a final decree in chancery directing specific performance of a Stockholders’ Agreement.
The corporation in question appears to have been more or less a “family held” business. At the time this suit was filed, John H. Powell was the owner of all of the stock of Economy Label Sales Company, Inc., except the three shares owned by Mr. Powell’s sister, the appellant herein, Irene Lewis.
In 1960 an agreement was entered into by and between the stockholders and the corporation wherein, inter alia, it was agreed to waive the charter provision directing that before any of the outstanding capital stock could be sold or transferred, it had to be offered to the corporation first, and that the stock of the sister, Mrs. Wolf, and that of the deceased mdther’s estate, would be sold directly to John H. Powell and/or Gladys Powell, his wife, and the price per share was fixed at a definite dollar value. Mrs. Wolf’s concern for the employment status of her brother-in-law, Warren Lewis, husband of the appellant herein, was expressed in said agreement and provision made for the employment of Mr. Lewis at a fixed salary plus a percentage of profits. It was further provided, however, in the same agreement at paragraph numbered 5, thereof, that if Mr. Lewis left the employ of the corporation for any reason, the company agreed to purchase and the said Warren Lewis and Irene Lewis, his wife, agreed to sell all of the stock of the company owned by Mr. and Mrs. Lewis or either of them, whether owned jointly or otherwise. This agreement was signed by all parties before witnesses and was carried out as to all the provisions thereof from the date of its execution in 1960 until sometime in 1964, when Mr. Lewis left the employ of the company. In the interim, the appellant had obtained a divorce from Mr. Lewis and in the property settlement had become sole owner of the three shares of stock in the Company.
Request was made to Irene Lewis to convey the three shares of stock to the Corporation, which she refused to do. This brought on this suit for specific performance of that portion of the Stockholders’ Agreement designated as paragraph 5, supra.
By agreement of counsel, the Court Reporter was appointed Special Examiner to take the testimony of the parties. This was done and same reported to the Chancellor. Objections were made as to method of arriving at the value of the stock, although the Agreement specified the method. Also, obj ection was made as allowing in a deposition of an employee of the accounting firm. Those objections are without merit. As to the method of arriving at the value, the contract itself set out unambiguously.
The appellant also contends that the Agreement was void because of lack of consideration, lack of mutuality and for failure to be properly executed by a married woman.
We have reviewed the record in this case and reach the conclusion that the Agreement to sell the stock was properly executed and binding on the appellant and therefore the chancellor was without error *506 in decreeing specific performance and requiring appellant to .transfer the stock to the Corporation.
We also conclude that value of the stock was arrived at in the method provided for in the Agreement, and the appellant was .therefore bound by the terms of the Agreement to accept the value so fixed.
As to the question of the right of the Corporation to purchase its stock only out of surplus, and its effect upon the validity of the paragraph 5 of the Stockholders’ Agreement, we are of the opinion that the statute relative thereto is primarily to protect creditors and other stockholders from fraud and damages resulting therefrom. There is no evidence of fraud, nor of damage to creditors and there are no other stockholders to complain, so we conclude that this contention under the facts in this cause is without merit.
We therefore Affirm the Chancellor’s decree.
WIGGINTON, C. J., and SPECTOR, J., concur.