204 So.2d 9 (1967)
Allan BRYANT, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-33.
District Court of Appeal of Florida. Third District.
November 14, 1967.
Robert L. Koeppel, Public Defender, and Marvin J. Emory, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
BARKDULL, Judge.
The appellant seeks review of an order denying his petition for relief, filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
On December 27, 1945, the appellant was indicted for rape. On January 20, 1947, he withdrew his plea of not guilty and entered a plea of guilty. He was adjudged *10 guilty and sentenced to life imprisonment in the State penitentiary. On January 28, 1965, the appellant filed his motion to vacate, alleging he was held incommunicado in jail until he had given a statement; that said statement was obtained by coercion; that he was not taken before a magistrate to be advised of his right; that he did not meet his lawyer prior to or after trial; and that he was confused by an unknown voice at time of trial, resulting in his pleading guilty. The trial judge granted a hearing on the motion to vacate, but denied the public defender's motion to have the appellant transferred from Raiford for a full hearing. Subsequent to the hearing on the motion, the trial court entered the order appealed herein.
The appellant contends that the trial court committed error in not having him present at the evidentiary hearing on the Rule No. 1 motion. We find this to be a discretionary matter with the trial court, and do not find error in this regard. See: State v. Weeks, Fla. 1964, 166 So.2d 892; Ballard v. State, Fla.App. 1967, 200 So.2d 597. When there are questions of fact to be decided, it may be the better practice to receive evidentiary statements from a movant either by his being present in the court or by written interrogatories or by deposition taken before a commissioner at the penal institution wherein the movant is incarcerated. But, we do not hold that it is necessary to either have the petitioner present or to receive evidence from him. This is a matter peculiarly within the discretion of the trial judge. See: Kimbrough v. United States, 5th Cir.1955, 226 F.2d 485. The evidence taken before the trial court was not reduced to writing, and this court is unable to determine what evidence was adduced before the trial judge.
As a general proposition, it is incumbent upon an appellant to make error appear on an appellate record. See: Coleman v. State, Fla.App. 1967, 193 So.2d 699; Plymale v. State, Fla.App. 1967, 201 So.2d 85. Criminal Procedure Rule No. 1 proceedings partake of a civil nature. See: State v. Weeks, supra; Barton v. State, Fla.App. 1965, 176 So.2d 597; Whitney v. State, Fla.App. 1966, 184 So.2d 207. Even though a court reporter is not present, there are methods of establishing what evidence was before a trier of fact. See: Moyer v. Moyer, Fla.App. 1959, 114 So.2d 638; Downing v. Bird, Fla.App. 1962, 145 So.2d 559; Potash v. Dry & Company, 8 Fla. Supp. 174. The appellant was represented by counsel at the Rule No. 1 hearing, and could have for the purposes of appeal [if no court reporter was present] established a record in order that this court might determine the correctness of the trial court's ruling.
The appellant not having presented us with a record sufficient for us to determine the correctness of the order here under review, we have no alternative but to affirm the action of the trial court. See: State v. Piehl, Fla. 1966, 184 So.2d 417.
Affirmed.
PEARSON, J., dissents.