PER CURIAM.
Presented for review on certiorari by the City of Miami is an order of the circuit court directing retrial by the municipal court of the City of Miami of a shoplifting charge against the respondent.
Following her conviction in the municipal court the defendant appealed to the circuit court. No stenographic report was made of the proceedings and testimony in the trial court. The parties could not agree upon a stipulation for contents of an appeal record, as provided for by Rule 6.7(f) FAR 32 F.S.A., nor was the record reconstructed as provided for by § 59.15(4) Fla.Stat., F.S.A.
The city moved to dismiss the appeal. The circuit court denied the motion to dismiss and made an effort to have a record prepared in accordance with the procedures appropriate in such circumstance.[1] The court first granted the appellant thirty days “in which to correct or complete the filing of a proper record on appeal,” providing that upon failure of the appellant to do so the case would be dismissed. There *79 after the appellant filed a motion reciting that she had been unable to obtain a stipulation as to the record, and that the judge who tried the case was no longer a member of the court. The motion requested the court to compel the co-operation of the attorney for the city, in regard to establishment of a record.
The city attorney again moved for dismissal, for failure of the appellant to produce an appropriate record within the time allowed. The court then entered an order allowing the appellant fifteen days in which to try to obtain a certified statement of the facts from the judge before whom the case was tried, and providing that if such could not be obtained the appellant should file a sworn statement of the testimony given at trial as remembered. Therein the appellee city was given similar directions to obtain a certificate from the trial judge, and it was ordered that if the certificate was not forthcoming and a statement of the evidence was filed by the appellant, the city could object thereto and file a “corrected statement displaying error in appellant’s statement.”
Thereafter the appellant filed a statement of the proceedings and evidence at trial, in the form of a stipulation signed by the attorney for the appellant, but not signed by or on behalf of the city. Therewith there was filed on behalf of the appellant an affidavit as to inability to obtain a certificate from the trial judge, and verifying the statements as contained in the filed proposed stipulation.
Following those procedures the trial court entered the order which is the subject of this appeal in which it was noted that no court reporter had been present at trial; that the appellant had filed a statement of the facts appearing at trial; that the appellee city had refused to join in that statement and had refused to submit “their own statement of facts”; and that the trial judge could not remember the case and could not certify as to the evidence. Based thereon the court ordered that the case be remanded to the trial court and retried.
In the circumstances of this case, the circuit court was entitled to consider the appeal on the record as it then stood. The appellant has done all that was practicable toward making a record. Appellant should not be deprived of the benefit thereof by refusal of the appellee or its counsel to co-operate or assist therein.
Accordingly, the order of the circuit court denying the city’s motion to dismiss the appeal is affirmed; the provision of such order for a retrial of the case in the municipal court is reversed; and the cause is remanded to the circuit court with direction to consider and dispose of the appeal on the merits, on the basis of the record as made.
It is so ordered.

. Moyer v. Moyer, Fla.App.1959, 114 So. 2d 638 (citing Pottash v. Dry and Company, 8 Fla.Supp. 174) ; Downing v. Bird, Fla.App.1962, 145 So.2d 559, 560; Lyden v. DePiera, Fla.App.1963, 147 So. 2d 573; Short v. Short, Fla.App.1964, 162 So.2d 538; Bryant v. State, Fla.App. 1967, 204 So.2d 9, 10; Harwell v. Wilder, Fla.App.1971, 247 So.2d 90.