262 So.2d 210 (1972)
The TRAVELERS INSURANCE COMPANY, a Corporation, Appellant,
v.
AGRICULTURAL DELIVERY SERVICE et al., Appellees.
No. 71-603.
District Court of Appeal of Florida, Second District.
May 17, 1972.
*211 John W. Puffer, III, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
William A. Seacrest, of Peterson, Carr & Harris, Lakeland, for appellees.
PIERCE, Chief Judge.
In this case The Travelers Insurance Company, plaintiff below, interlocutorily appeals to this Court from an order entered by the Polk County Circuit Court on August 12, 1971, denying Travelers' motion to "complete the record" in connection with an appeal theretofore taken by Travelers from a final judgment in the same suit.
The case had been previously tried before the Circuit Judge without jury, resulting in entry of final judgment against Travelers as aforesaid. Travelers had sued appellees-defendants, who were the insureds under a workmen's compensation insurance policy, for the balance of premium allegedly due after an audit of defendants' books. While that appeal was pending Travelers filed motion in the lower Court asking "that the Court enter its Order setting forth a statement of testimony in this cause for the reason that no stenographic transcript of testimony is available".
In a Court hearing upon said motion it was agreed that the trial testimony had been heard before the Court without a jury and also without benefit of a Court reporter, that each side had offered one witness, and that the Court had entered order holding that Travelers was not entitled to recover any additional premium, after which Travelers had perfected an appeal to this Court. At the hearing upon the motion it further developed that respective counsel for the parties had been unable to agree or stipulate upon what the two witnesses had testified to and they asked the trial Judge to put into his order the substance of their respective testimonies.
This the Judge declined to do, stating that, during the eight month's interim since the trial, he didn't "recall anything except the end of the case" and that not having kept any notes during the trial he was not then in position to state in an order what the previous testimony had been. The Court then entered order, which, after reciting that "the parties having failed to agree upon the salient facts, and the Court having no independent recollection of them", denied the motion to "complete the record". This interlocutory appeal by Travelers from the last-mentioned order ensued.
The original merits of the case as between Travelers and appellees is not involved in the instant matter before the Court, but only the Circuit Court's order denying Travelers' motion "to complete the record on appeal" by certifying or otherwise authenticating the testimony, or substance thereof, taken at the trial. Travelers contends that the effect of the Judge's order, although concededly not the purpose, was to effectually preclude an otherwise allowable review of a Circuit Court judgment by this appellate Court. Ancillary to such contention, Travelers points out that there is no mandatory legal requirement for trial proceedings to be stenographically preserved or for a Court reporter to be utilized at all. The result of all this, says Travelers, is that if the trial Judge refuses to authenticate the trial testimony to this Court in some fair or appropriate fashion Travelers will in effect be deprived of its right to have an appellate review of the judgment complained of, thereby being denied the right of due process. Appellees on the other hand assert that no abuse of judicial discretion is shown merely because the trial Court was unable to recall the testimony given before the Court some eight months previously and to make a narrative thereof for inclusion in the record on appeal; that therefore Travelers' dilemma could not be obviated, and this through no fault either of the trial Judge or the parties to the action. The situation is admittedly anomalous.
*212 And the "guidelines" in the rules and statutes provide no solution. F.S. § 59.15(4) F.S.A. says that 
"Proceedings in pais, not stenographically reported, may be authenticated by recitals in orders, judgments, or decrees, of the trial court, or of the judge thereof, or by a stipulation by the interested parties."
The trial proceedings in the instant case were not stenographically reported, nor were they authenticated by recitals in any orders of the Court. And the parties could not agree on any stipulation.
F.A.R. 3.6(l) 32 F.S.A. provides inter alia that 
"If anything is omitted from the record-on-appeal by error or accident, the parties by stipulation, or the lower court, either before or after the record is transmitted to the Court, or the Court on a proper suggestion or on its own initiative, may direct that the omission be corrected. If any dispute arises as to whether any transcript truly discloses what occurred in the lower court, or is in conformance with any stipulation of the parties, the dispute shall be submitted to and settled by the lower court and the transcript made to conform accordingly."
This rule is not determinative of the instant difficulty. For instance, it could not be said that failure to preserve a transcript of the evidence was due to accident because obviously it was the result of deliberate judgment on the part of Travelers and its adversaries that testimony was not recorded. Nor can it be said that such failure to transcribe was an error because either side as of right could have had the testimony at the trial taken down by a court reporter, to be later transcribed. And after the trial the Court could obviously not "direct that the omission be corrected" when the parties themselves could not agree on what the testimony had been. And the provision in the rule that as a last resort "the dispute shall be submitted to and settled by the lower Court" is likewise unavailing because "the lower Court" had no independent recollection of what the testimony of the two trial witnesses consisted of. So both the statute and the rule (F.S. § 59.15 F.S.A. and F.A.R. 3.6(l)) fall short of supplying a definitive answer to the problem.
And the reported cases do not adequately provide any solution, mainly because the facts of each particular case are different and no case parallels the situation here. A brief review of the cases cited by the respective parties to this Court here may be in order.
Moyer v. Moyer, Fla.App. 1959, 114 So.2d 638, cited by both parties, was a 3rd District Court case involving an appeal in a divorce proceeding wherein "the propriety of the lump sum alimony award" was in question. The record filed in the District Court contained only the pleadings in the trial Court and the decree appealed from was affirmed because the appellate Court was "unable to determine the propriety of the award to which error is assigned without reference to the evidence before the chancellor". While noting that "the obligation to furnish a record sufficient to support the appeal is upon the party urging error", the 3rd District Court observed that "it is not in keeping with the orderly processes of law that there should be a time when an appeal is impossible because a court reporter was not employed by one of the parties". After observing that "a stenographic transcript of the testimony is not necessary for an appeal", Moyer had some nice things to say about "good lawyers" being "reasonable men" and that "as officers of the court they are interested in aiding both trial and appellate courts in an orderly and expeditious disposition of the cases before them", concluding in this vein that "experience demonstrates that practicing lawyers place their personal honor far above the interest of any client". All this smooth sounding rhetoric may be true, but "experience demonstrates that practicing lawyers" also place a high priority upon *213 enhancing the interests of their clients, particularly in hotly-contested litigation.
And this is not to say that merely because the opposing attorneys cannot agree upon what the unreported testimony had been, they thereby brand themselves as not being "good lawyers" or "reasonable men" or that they do not highly value "their personal honor" in handling their cases. It is not without precedent that able, well meaning, and honorable practitioners sometimes reach an impasse in trying to agree on previously unreported trial proceedings, conspicuous among which, as here, is the recollection of previous trial testimony. It is just a fact of Courtroom life and any lawyer who denies it is either inexperienced or deliberately blinding himself. And Moyer in fact conceded this in observing that "there are undoubtedly occasions where even the most fair-minded protagonists cannot agree upon a statement of the testimony which was not reported". But, says Moyer, quoting from Vliet v. Anthony, Fla. 1935, 119 Fla. 638, 160 So. 663 
"* * * It is the duty of a court a quo to perfect its records in a case being appealed, in order that the final record taken to the appellate court by means of a transcript of it may truly reflect there the record of what was acted upon in the court a quo * * *."
Moyer then reviewed the same appellate rules and statutory provisions hereinbefore alluded to, which, while adequate to remedy certain situations to which they are applicable, do not provide the solution for restructuring the testimonial record which exists here where (1) the case was tried before a Judge without a jury, (2) the testimony when given was not reported, (3) the trial testimony was essential to a fair review in the appellate Court, (4) the parties could not agree later on what the testimony was, and (5) the trial Judge could not remember.
The cases of Downing v. Bird, Fla.App. 1962, 145 So.2d 559; Potash v. Dry & Company, 8 Fla. Supp. 174; and Bryant v. State, Fla.App. 1967, 204 So.2d 9, are of no additional help. Downing and Bryant, like Moyer, suggested as a device "to establish a record where the right of appeal would otherwise be lost" (because of failure of the record to include the trial court testimony without fault of the litigants) utilization of F.A.R. 3.6(l) which, as hereinbefore mentioned, applies principally to a case of omission in the record on appeal because of error or accident, which does not reach the crux of the instant problem.
Also cited to us here is the 1930 case of State ex rel. Globe, etc. v. Cornelius, 1930, 100 Fla. 292, 129 So. 752, which in turn cited the antiquitous case of Pearson v. Grice, 1858, 8 Fla. 214. In Cornelius the County Judge refused to "settle" a "bill of exceptions" (which at that time was the mode of authenticating to the appellate Court the proceedings at trial, principally the evidence adduced) for the reason that "the testimony not having been taken down by a reporter, the court `has no recollection of the testimony set forth in said bill of exceptions'". However, the appeal in Cornelius was decided upon a procedural point, thus avoiding the problem of determining the authenticity of trial testimony where the Judge had no recollection of the facts. Also, in Cornelius a statutory remedy was provided if other means failed, namely, that the appealing party could effectually have the "bill of exceptions settled by disinterested bystanders", a device not now available under current practice.
In Pearson, at the time motion for new trial was before the trial Court, a dispute arose as to whether certain documentary evidence had been formally offered and received in evidence at the trial. The trial Judge stated he had no recollection of such evidence, and upon this point the Supreme Court upon appeal stated that 
"If this be so, we are clearly of opinion that means should have been taken by the judge to refresh his memory by ascertaining the fact asserted, whether the *214 papers were in fact either read in evidence or not read. The important rights and interests of the parties should not be made to depend upon mere remembrance, whilst there is a possibility of attaining the truth by other means".
There have been other Florida cases involving diminution of the record due to the absence of trial testimony because of no Court reporter at the trial, Short v. Short, Fla.App. 1964, 162 So.2d 538; Lyden v. DePiera, Fla.App. 1962, 147 So.2d 573; Harwell v. Wilder, Fla.App. 1971, 247 So.2d 90, but these cases were in each instance summarily disposed of by observing that such defect could have been remedied by following the course suggested in Downing, Potash, and/or Moyer, thus shedding no additional light on the instant problems here.
So that's the situation that confronted the lower Court in the case sub judice and also the situation that faces us here. On the one hand we have a losing litigant in a Circuit Court trial who has a legal right to appeal an adverse judgment and who wants to appeal; where eminent and honorable counsel for the adverse parties cannot, months after the trial, reach agreement as to what the trial testimony was; where it is in effect conceded that a transcript of such testimony, although unreported at the trial, would be indispensable to due consideration by the appellate Court of the points raised on appeal; and finally, where the able and respected trial Judge certifies his total inability to recollect what the trial testimony was. On the other hand, we also have a situation where an aggrieved litigant has certain constitutional and statutory rights which guarantee him "equal civil ... rights to all" (Preamble Constitution of 1968); where "the courts shall be open to every person for redress of any injury, and justice shall be administered without ... denial or delay" (Art. I, § 21), F.S.A.; where "appeals ... shall be a matter of right" (F.S. § 59.01(4) F.S.A.); where "the obligation to furnish [the appellate Court] a record sufficient to support the appeal is upon the party urging error" (Moyer, supra); where, although "a stenographic transcript of the testimony is not necessary for an appeal", yet an appeal should never be rendered "impossible because a court reporter was not employed by one of the parties" (Moyer, supra); where "any case worth the trying is worth the preserving of the testimony" (Cornelius, supra); and where, if the verbatim trial testimony was not preserved by a Court reporter, "means should have been taken by the Judge to refresh his memory by ascertaining the fact[s] asserted" because "the important rights and interests of the parties should not be made to depend upon mere remembrance, whilst there is a possibility of attaining the truth by other means" (Pearson, supra).
With the above postulates in mind, taken as a whole, we are of the opinion that the trial Judge, in spite of, and in fact because of, the unusual and extraordinary factual situation with which he was confronted, should take all available means possible to restructure the testimony adduced at the trial, and to make a transcript thereof for inclusion in the record as a part of the appeal on the merits to this Court. This will include, but not be limited to, recollections of respective counsel before the Court, reference to documentary evidence or exhibits introduced at the trial, or even if seemingly necessary or advisable, the recalling or restructuring of any or all the evidence of the trial witnesses upon the merits of the controversy as to what was testified to at the trial, with the trial Judge resolving all conflicts that might arise between counsel and/or the parties.
This will doubtless be an arduous and unrewarding task, but knowing the ability, fairness and industry of the eminent trial Judge and adverse counsel for the parties as we do, we feel it will not only be possible but will be productive of a commendable end result.
*215 The interlocutory order appealed here is therefore reversed and the cause is remanded to the lower Court with directions in accordance with the foregoing.
HOBSON and McNULTY, JJ., concur.