ON MOTION TO QUASH APPEAL
PER CURIAM.
A prior interlocutory appeal was granted herein and, in an opinion by Chief Judge Pierce (262 So.2d 210), the cause was remanded to the trial court with directions that the record of the trial be perfected and reconstructed. This was deemed necessary because the original trial had not been stenographically reported. Subsequent to our remand, however, the trial judge granted a new trial rather than reconstructing the record and in doing so made the following findings:
“1. That the Court has no independent recollection of the testimony of any witnesses at the trial of the cause;
2. That counsel cannot agree upon the testimony of the witnesses;
3. That the documentary evidence does not establish or assist in establishing the testimony of the witnesses; and
4. That the only available method of complying with the directions of the Second District Court of Appeal is to recall the trial witnesses as suggested by said Court in its opinion, which is in effect the granting of a new trial;
It is ORDERED in persuance (sic) of the direction given this Court, that the plaintiff be granted a new trial.”
It is from this order that this appeal is taken, against which appellee directs its motion to quash.
Obviously the trial judge misconstrued our prior mandate. It did not direct, nor did it permit, the granting of a new trial per se. 'Indeed, the parties had their day at trial. That portion of our previous opinion which indicated that testimony may be taken and that conflicts therein be resolved by the trial judge related not to an entire rehearing of the cause on its merits but instead merely to potential conflicts as to what the original witnesses may have said at the original trial. The conflicts in this regard, if any, may arise not only from the attorneys or others who heard the original testimony but also from the witnesses themselves. The question now is what was said, not the probative effect thereof which *430 would be the concern at a new trial as it was at the first.
Accordingly, we deny the motion to quash; but considering this appeal on its merits we dispense with oral argument and in view of the foregoing remand the cause to the trial judge directing that he withdraw his order for new trial and simply follow our prior mandate to reconstruct the original testimony.
LILES, Acting C. J., HOBSON and Mc-NULTY, JJ„ concur.