275 So.2d 555 (1973)
Jimmie Lee JACKSON, a Widow, Appellant,
v.
GRANGER LUMBER COMPANY, INC., a Florida Corporation, Appellee.
No. O-395.
District Court of Appeal of Florida, First District.
April 5, 1973.
Horace E. Hill, Sr., Daytona Beach, for appellant.
Bruce W. Robinson, of Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellee.
PER CURIAM.
This is an appeal from a final judgment in a foreclosure action brought to foreclose an agreement for deed.
*556 We proceed to decide this case on the merits without oral argument since appellant's request for oral argument was not timely filed as required by the appellate rules.
On November 19, 1966, appellee entered into an Agreement for Deed with appellant and her now deceased husband for the sale of a house and lot for $8,500.00 at eight percent interest per annum, payable in $60.00 monthly installments beginning December 5, 1966. On May 27, 1970, appellee filed its complaint seeking to foreclose its agreement for deed alleging the same to be in default, inter alia, by non-payment of the installment due on October 5, 1969.
By her answer, appellant denied the material allegations in the complaint and interposed a counterclaim by which she asserts that she has met all of the covenants of the agreement and further that the house burned down on December 22, 1969, and was repaired by the proceeds of a fire insurance policy that was in force at the time. The counterclaim further averred that appellee was claiming the sum of $217.56 as a differential between the proceeds from the policy and the amount required to restore the premises, which amount she denies is owing, and she accordingly asks the lower court to restore her to the premises and dismiss the foreclosure complaint. Motions to dismiss the respective claims were made and denied. Following considerable written discovery made by each party, the matter was considered on final evidentiary hearing by the court below and a final judgment of foreclosure and sale was entered in favor of appellee. This appeal ensued.
On appeal numerous questions are raised by appellant, all of which are dependent upon challenges made to the findings of fact necessarily made by the trial court to sustain the judgment. Reduced to its essence, the question raised is whether the agreement for deed sued upon was in default so as to justify foreclosure. Appellant says no; appellee says yes; and the court below, after considering the testimony and evidence which includes the ledger account sheet for appellant's account and payment record, found that the account was delinquent and ordered foreclosure.
Appellee contends that we must affirm because the appellant failed to bring up a transcript of the testimony given at final hearing, which testimony formed the major evidentiary support for the trial court's findings and ruling. We agree. Broward County Port Authority v. F.M. Rule & Company, 119 So.2d 82 (Fla.App. 1960); Lewis v. Powell, 203 So.2d 504 (Fla.App. 1967); Sun Plastics, Inc. v. International Identifiers, Inc., 213 So.2d 258 (Fla.App. 1968); Greene v. Hoiriis, 103 So.2d 226 (Fla.App. 1958); Geiger v. City of Leesburg, 186 So.2d 260 (Fla.App. 1966); Wilder v. Altman, 179 So.2d 250 (Fla.App. 1965); Anderson v. Peoples First National Bank of Miami Shores, 220 So.2d 667 (Fla.App. 1969); United States v. Dahlberg, 115 So.2d 86 (Fla.App. 1959).
During the pendency of this appeal, it appeared from the several motions filed herein, most of which were not permitted by the appellate rules, that appellant failed to provide us with a transcript of the testimony on which the trial judge based his judgment because the court reporter lost her notes of the witnesses' testimony at the hearing. Accordingly, pursuant to Florida Appellate Rule 3.6, subd. h, 32 F.S.A., we ordered that the parties attempt to enter into a stipulation as to what the testimony was and, failing that, to submit the matter to the trial judge for reconciliation. Apparently the parties have been unable to stipulate as to this and the trial judge has been unable to reconcile the opposing versions of the testimony; hence, we have only the pleadings, interrogatories and the exhibits in the record to go on. Each party has submitted to this court its own version of the testimony in the respective stipulations each drew for the *557 other's agreement. Both stipulations are unsigned.
Ordinarily we would be inclined to remand this case to the trial court with directions that he:
"... take all available means possible to restructure the testimony adduced at the trial, and to make a transcript thereof for inclusion in the record as a part of the appeal on the merits to this Court. This will include, but not be limited to, recollections of respective counsel before the Court, reference to documentary evidence or exhibits introduced at the trial, or even if seemingly necessary or advisable, the recalling or restructuring of any or all of the evidence of the trial witnesses upon the merits of the controversy as to what was testified to at the trial, with the trial Judge resolving all conflicts that might arise between counsel and/or the parties." Travelers Insurance Company v. Agricultural Delivery Service, 262 So.2d 210, 214 (Fla.App. 1972).
However, such action is unnecessary in this case since the stipulation submitted by appellant's counsel itself contains a version of the testimony which, if believed by the trial court, would sustain the judgment of foreclosure. It is elementary, of course, that when an appellate court is presented with a case involving controverted questions of fact and conflicting testimony with respect thereto, the appellate court will not substitute its judgment for that of the trial court and we will not weigh the evidence where there is a conflict. In Re Brackett's Estate, 109 So.2d 375 (Fla. App. 1959); Walker v. Walker, 123 So.2d 692 (Fla.App. 1960); 2 Fla.Jur., Appeals, § 346.
Although appellant's version of the testimony at trial as reflected in the stipulation filed by her counsel relates that appellant denied she was delinquent in her payments under the agreement for deed, the proposed stipulation of appellant admits that appellee's president, R.G. Granger "... testified that the Defendant, Jimmie Lee Jackson, was one month in arrears in her monthly mortgage payment, to wit, the December 5, 1969, payment." If appellee's witness so testified, and appellant asserts that he did, then the trial court was authorized to accept that evidence as opposed to appellant's evidence that she was not delinquent. It is axiomatic that we must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from. 2 Fla.Jur., Appeals, § 314. Applying that rule, we must thus assume that the trial court accepted appellee's version on the delinquency issue and found the appellant to be in default in her payments, thus authorizing foreclosure. Tatham Mortgage Co. v. Reiss, 135 So.2d 258 (Fla.App. 1961).
In addition to the oral testimony given before the trial judge, documentary evidence was also considered, including appellant's ledger card reflecting appellant's account. Our calculations as to the currency of appellant's account as reflected by the account ledger supports the trial court's finding inherent in the foreclosure judgment that the account was in arrears before the fire occurred.
Accordingly, we are required to hold that the judgment appealed herein is supported by the record, particularly the portions thereof discussed next hereinabove.
During the pendency of this appeal, we set supersedeas at $500.00 plus the payment into the registry of the court monthly the amount of $60.00. Our inquiry reflects that supersedeas never became effective because appellant never did pay the lump sum of $500.00 required by our order setting supersedeas, although she did make a number of monthly $60.00 payments to the lower court registry. The said monthly payments never having been preceded by the $500.00 aforesaid, such payments became unnecessary and not required. Accordingly, the amounts so paid *558 by appellant are her property and hers alone. The Clerk of the lower court is hereby directed to pay such amounts to the appellant in person only, said payment to be placed into her hands only.
Affirmed.
SPECTOR, C.J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.