PER CURIAM.
The appellant was convicted of grand larceny, on a non-jury trial. The sentence imposed was confinement in the county jail for the period one year, with provision that after serving one month thereof he should be on probation for eleven months.
On his appeal, when it became known that the reporter’s notes of the testimony and trial proceedings were lost, this court relinquished jurisdiction to the trial court to permit a record to be made. The attorney for defendant submitted a statement reflecting the evidence and proceedings at trial as recollected by him. The assistant state attorney involved in the trial agreed therewith except for certain portions. Thereupon the trial judge supplied a statement of the facts disclosed in the evidence and of the proceedings at the trial, based on the statements of counsel which were not in dispute and on his recollection as to the areas on which the attorneys for the parties were not in agreement. In so doing, the trial judge properly performed his duty in such circumstance. See Downing v. Bird, Fla.App. 1962, 145 So.2d 559, citing Moyer v. Moyer, Fla.App. 1959, 114 So.2d 638 and Potash v. Dry & Company, 8 Fla.Supp. 174. Such record then was submitted to this court and the appeal was heard.
We hold to be without merit the appellant’s argument that a new trial should be granted because the attorneys for the parties could not agree on a statement of the record, notwithstanding the trial judge has settled upon and restored the record of the trial evidence and proceedings including those areas thereof as to which counsel for the parties were not in agreement. Downing v. Bird, supra.
On the merits of the appeal, the appellant argues insufficiency of the evidence to sustain the conviction and that error was committed by a ruling of the trial court admitting certain evidence over objection by defendant. On consideration thereof in the light of the record as thus restored and supplied and the briefs and argument, we hold no reversible error has been made to appear.
Affirmed.