351 So.2d 1120 (1977)
Melval C. HAIST, Appellant,
v.
Joseph P. SCARP and Helen P. Scarp a/K/a Helen E. Scarp, His Wife, House of Haist, Inc., a Florida Corporation, and Nancy C. Haist, Appellees.
No. 77-1667.
District Court of Appeal of Florida, Fourth District.
November 15, 1977.
Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellant.
Michael K. Davis of Watson, Hubert & Davis, Fort Lauderdale, for appellees, Scarp.
*1121 LETTS, Judge.
This is an interlocutory appeal from a trial judge's denial of a motion to establish a record for the purpose of appeal. We affirm.
The original trial was non-jury and the final judgment was followed by supplemental proceedings out of which came forth a supplemental order requiring the appellant to pay $12,666 to the appellee. Neither the original trial nor the supplemental proceedings were transcribed and indeed both sides informed the trial judge that they did not need a court reporter.
The trial court's denial of the motion to establish a record was dated July of 1977, the final judgment emanating from the non-jury trial was entered eleven months earlier in August of 1976 and the order directed to the supplemental proceedings was signed in March of 1977.
This case presents a unique situation, because the honorable trial judge below now serves on this very court; however, we do not see this as pertinent, as we could still order him to reconstruct the record from his memory, if we thought it appropriate. Certainly, we cannot expect his replacement on the trial bench to be able to do so.
The appellant argues that the court below erred because the First and Second District Courts of Appeal have ruled that where there is no record on appeal, the trial judge must search his memory, recall witnesses, interview respective counsel and reconstruct the testimony so that the inalienable right of appeal may be preserved. See Travelers Insurance Company v. Agricultural Delivery Service, 262 So.2d 210 (Fla. 2DCA 1972); Jackson v. Granger Lumber Company, Inc., 275 So.2d 555 (Fla. 1DCA 1973). We concede that in the first of the above two cases cited, such does appear to be the court's ruling,[1] but we cannot agree. What use is there in requiring a trial judge to search his memory when he has already specifically stated that he "didn't recall anything except the end of the case."? 262 So.2d at 211.
In the case now before us, Judge Moore, at several places in the record indicated that he was unable to recall with certainty what took place over this period of nearly a year and therefore, could not, himself, establish a record. This being so, we do not feel it appropriate to tell him that if at first he does not succeed he must try and try again. Accordingly, we prefer to agree with the Third District when it said:
We also affirm the interlocutory order and recognize that although the trial judge is charged with the duty of settling disputes to make the record speak the truth, nonetheless, such duty is not indicated where the judge determines he cannot do so. See Rule 3.6(1), FAR, 32 F.S.A.; Travelers Insurance Company v. Agricultural Delivery Service, Fla.App. 1972, 262 So.2d 210, and cases cited therein. Therefore, under the circumstances of this case we find that the trial judge is entitled to the presumption that he has performed his duty as well as the circumstances permitted. Elson v. Ratner, 296 So.2d 604 (Fla. 3DCA 1974) at 605.
In the case at bar both sides chose not to avail themselves of a court reporter. Such a choice always has had the potential for a backfire and we cannot agree that the courts are required to be used as substitutes for court reporters whenever the gamble not to create a record fails to pay off. This is especially so when the trial judge reports that his recollection does not permit it.
It is true that Judge Moore might have recalled witnesses, interviewed trial counsel and, in effect, retried the whole lawsuit. It is true also that we might make him do so in an appropriate case. For example, if the court reporter fails to transcribe his or her notes or if he, or she, inaccurately does so, we might agree that the aggrieved party is entitled to relief. However, we see no such extenuating circumstances in this case.
We are continually rejecting appeals for failure to provide a sufficient record. This *1122 being so, we see no reason to here reward an appellant, who by his own tactic, provides no record whatever.
Our affirmance of the trial judge's order is without prejudice to the appellant to attempt a construction of a record by way of stipulation. See State Farm Fire and Casualty Company v. Boyer, 347 So.2d 126 (Fla. 4DCA 1977).
AFFIRMED.
DOWNEY and DAUKSCH, JJ., concur.
NOTES
[1] We distinguish the First DCA case in that in the latter decision there was a court reporter who had lost her notes through no neglect or omission by the parties. Also, the same point in that case was but dicta.