DOWNEY, Chief Judge.
Appellant raises several issues which, if supported by the record, indicate that a substantial miscarriage of justice occurred in the trial of this case. However, appellee denies all of the appellant’s contentions and the record is inadequate to reach the merits of the case because there is no transcript of the trial proceedings and no effort was made to reconstruct them.
Briefly, appellee sued Indico Corporation, a Michigan corporation, Mayer Morganroth and Martin Kopitz, residents of Michigan, seeking approximately $100,000 for breach of contract. The individual defendants were sued as guarantors. On the eve of trial Florida counsel withdrew; the trial was not continued; and Morganroth, a Michigan lawyer, attempted to try the case on behalf of the defendants.
Appellants claim the trial court refused to grant them a continuance although Florida counsel, before withdrawing, suggested to the trial court one should be granted. Appellants contend Morganroth had insufficient time to prepare the case for trial. They next complain that even though the trial commenced at 11:00 a. m., and the appellee rested at 1:00 p. m., the trial judge forced appellants, under pain of contempt, to complete their case by 2:00 p. m. Lastly, appellants maintain that they were required to proceed to trial without a court reporter, thus precluding them from obtaining a transcript of the proceedings.
The foregoing are serious contentions, which, if supported by an adequate record, would probably require reversal and remand for a new trial. However, appellee states that none of the judicial acts assigned as error took place. Thus, it is imperative that the record be reconstructed if the merits of the case are to be reached.
Accordingly, we relinquish jurisdiction of this cause to the trial court for a period of 30 days so that the trial court and counsel can reconstruct the record.[1] After the record is filed in this court appellant shall have 10 days to file a supplemental brief and appellee shall have 10 days after receipt of appellant’s supplemental brief to file its supplemental brief if they be so advised.
CROSS and LETTS, JJ., concur.

. See The Travelers Insurance Company v. Agricultural Delivery Service, 262 So.2d 210 (Fla. 2nd DCA 1972), for suggested guidelines only. This does not indicate a concurrence with the totality of the decision.