366 So.2d 402 (1978)
Melval C. HAIST, Petitioner,
v.
Joseph P. SCARP et al., Respondents.
No. 52903.
Supreme Court of Florida.
December 14, 1978.
*403 Joel L. Kirschbaum of Esler & Kirschbaum, Fort Lauderdale, for petitioner.
Michael K. Davis of Watson, Hubert & Davis, Fort Lauderdale, for respondents.
SUNDBERG, Justice.
By petition for writ of certiorari, petitioner seeks review of the decision of the District Court of Appeal, Fourth District, reported at 351 So.2d 1120 (Fla. 4th DCA 1977), which is alleged to be in conflict with Travelers Insurance Company v. Agricultural Delivery Service, 262 So.2d 210 (Fla. 2d DCA 1972). The issue presented is the extent of a trial judge's obligation to produce a record upon which an appeal may be taken, when he has no recollection of the proceedings and the parties failed to provide a court reporter. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
The original trial in this case was nonjury and resulted in a final judgment and supplemental order requiring petitioner to pay $12,666 to respondents. Neither the original trial nor the supplemental proceedings were reported and, indeed, both sides informed the trial judge that they did not need a court reporter. The final judgment was entered on August 26, 1976, and the order directed to the supplemental proceedings was signed March 30, 1977.[1]
On May 13, 1977, over nine months after the entry of final judgment, petitioner moved to establish a record on appeal. The motion was denied on July 18, 1977, with the trial judge stating he could not remember the testimony adduced at trial. Petitioner's interlocutory appeal to the District Court of Appeal, Fourth District, was denied. Grounding their decision on the parties conscious gamble not to provide a court reporter, the court held that where the trial judge could not recall the trial proceedings sufficiently to produce a record, he was not required to recall witnesses, interview respective counsel, or reconstruct testimony.
Petitioner asserts the district court erred in refusing to follow Travelers Insurance Company v. Agricultural Delivery Service, supra. Travelers held that in the event the trial judge could not remember the original proceedings, he should use all available means to restructure the testimony adduced at trial, including a consideration of the recollections of trial counsel, *404 reference to documentary evidence or exhibits or, if necessary, the recalling or restructuring of trial testimony on the merits, with the judge resolving all conflicts that might arise between the parties. Respondents answer that the mandate of Travelers is tantamount to a time-consuming and costly mini-trial in which the trial judge must choose between conflicting and possibly inaccurate recollections. For the reasons hereinafter expressed, we hold that where the parties fail to provide a court reporter the trial judge is not obliged to transcend his recollection and notes of the trial to establish a record on appeal.[2]
We believe Travelers is unrealistic in requiring a trial judge to search beyond his memory to reconstruct a record. The net effect of recalling witnesses and interviewing respective counsel is a mini-trial conducted solely to determine what transpired at the original proceeding. The findings of such a trial are bound to be unreliable, for they are necessarily based on hearsay, summarized and paraphrased information, and conflicting recollections of events which perhaps occurred long ago. The judge, having no independent recollection, must determine the facts without the aid of cross-examination and the ability to measure credibility. The result could be that the issues are tried on one set of facts and appealed on another.
Such a procedure is also costly and time-consuming. The trial courts of this State are already severely taxed. They can ill afford to spend precious time and money in gathering witnesses, interviewing counsel and restructuring past testimony.
It is the duty of the parties to a lawsuit to properly establish and preserve a record on appeal.[3] Conversely, it is they who must suffer the consequences, not the courts, when this duty is not fulfilled. We agree with the district court below that:
In the case at bar both sides chose not to avail themselves of a court reporter. Such a choice always has had the potential for a backfire and we cannot agree that the courts are required to be used as substitutes for court reporters whenever the gamble not to create a record fails to pay off. This is especially so when the trial judge reports that his recollection does not permit it.
351 So.2d at 1121.
An accurate and comprehensive record of the proceedings below is absolutely essential to fair and efficient appellate review. This Court should provide every incentive to parties to develop and preserve an adequate record. We trust this decision will serve as such an incentive.
To the extent Travelers Insurance Company v. Agricultural Delivery Service, supra, is inconsistent with this opinion, it is hereby disavowed.
Accordingly, the decision of the District Court of Appeal, Fourth District, is approved and the writ of certiorari is discharged.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and HATCHETT, JJ., concur.
NOTES
[1] The final judgment and order were subsequently set aside to correct mistakes pursuant to Fla.R.Civ.P. 1.540(b)(1). New final judgments were entered on May 17 and 31, 1977, respectively. The supplemental order is presently on appeal before the District Court of Appeal, Fourth District.
[2] Were this situation to arise today, Fla.R. App.P. 9.200(b)(3) would be applicable. It provides:

"If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record."
[3] See Fla.R.App.P. 3.6.