PER CURIAM.
This is an appeal from an order adjudging appellant R. J. Bourne to be in contempt of court and sentencing him for such contempt. The only basis stated in the order for holding appellant in contempt is the following:
“R. J. Bourne having been asked to leave the court and he having repeatedly refus *265 ed to do so, he is found to be in contempt of court.”
We have no record of the contempt proceedings. Based upon affidavits of persons other than the circuit judge, it appears that the incident giving rise to the order occurred after a juvenile proceeding involving appellant’s son had been concluded; that the alleged contempt occurred, not in the courtroom, but in either the hall of the courthouse or the judge’s waiting room. In view of this circumstance, on September 14, 1976, we entered an order relinquishing jurisdiction to the court below for a period of thirty (30) days with directions to prepare a supplemental record pursuant to Fla.App. Rule 6.9(c) and (d). We cited in said order Carter v. State, 334 So.2d 109 (3 DCA 1976). We pointed out in said order that the record before us was insufficient for a determination of the question raised by the appeal— whether or not the court lacked jurisdiction to adjudicate appellant in contempt of court. We have had no response from said order.
The order appealed from is insufficient to show that the court below had jurisdiction to adjudge appellant in contempt of court under Fla.R.Crim.P. 3.830 dealing with direct criminal contempt or under Fla.R. Crim.P. 3.840 dealing with indirect criminal contempt or that appellant was afforded due process.
REVERSED.
RAWLS, Acting C. J., and McCORD and SMITH, JJ., concur.